Present: All the Justices

SHEROD LAMONT JONES

v. Record No. 071986  OPINION BY JUSTICE CYNTHIA D. KINSER
                                        June 6, 2008
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

At a bench trial in the Circuit Court of the City of Richmond, Sherod Lamont Jones was convicted of maintaining or operating a fortified drug house in violation of Code § 18.2-258.02.[1]  The Court of Appeals of Virginia affirmed his conviction in a per curiam order, Jones v. Commonwealth, Record No. 3179-06-2 (June 6, 2007), and a three-judge panel of the Court of Appeals denied Jones' petition for appeal.  Jones v. Commonwealth, Record No. 3179-06-2 (September 27, 2007).  The issue on appeal to this Court is whether the evidence was sufficient to sustain Jones' conviction.

The evidence at trial established that a search warrant was obtained for a house in the City of Richmond

_____

[1]  Jones was also convicted of possession of cocaine with the intent to distribute, subsequent offense, in violation of Code § 18.2-248(C), and possession of a firearm while in possession of cocaine with the intent to distribute, in violation of Code § 18.2-308.4(C).  With regard to the latter conviction, the conviction order and sentencing order both incorrectly cite Code § 18.2-308.2(C).  Those convictions are not before us in this appeal.

that was allegedly being used to distribute controlled substances. As police officers approached the house to execute the search warrant, Jones and another individual moved a stove against the rear door of the house. They also wedged a "2 x 4" board between the stove and a stairway in the kitchen area of the house. The police gained entry by using a breaching ram to open the door. After doing so, the police observed a screwdriver shoved into the latch of the demolished door.

Jones argues on appeal, as he did before the circuit court and the Court of Appeals, that the Commonwealth failed to prove that the house had been "substantially altered from its original status" as required by Code § 18.2-258.02. Jones contends that, even if the use of the stove and 2 x 4 board were for the purpose of impeding lawful entry by a law enforcement officer, the placement of those items did not substantially alter the house from its original status. In response, the Commonwealth contends that the original status of the house did not include a door that was reinforced with a stove, a 2 x 4 board, and a latch with a screwdriver inserted into it.

The statute at issue in this appeal, Code § 18.2-258.02, provides:

2

Any office, store, shop, restaurant, dance hall, theater, poolroom, clubhouse, storehouse, warehouse, dwelling house, apartment or building or structure of any kind which is (i) substantially altered from its original status by means of reinforcement with the intent to impede, deter or delay lawful entry by a law-enforcement officer into such structure, (ii) being used for the purpose of manufacturing or distributing controlled substances or marijuana, and (iii) the object of a valid search warrant, shall be considered a fortified drug house. Any person who maintains or operates a fortified drug house is guilty of a Class 5 felony.

When considering a challenge to the sufficiency of evidence on appeal, we review the evidence in the light most favorable to the prevailing party at trial and consider all inferences fairly deducible from that evidence. Perez v. Commonwealth, 274 Va. 724, 728, 652 S.E.2d 95, 97 (2007); Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005). We will not reverse the judgment of the trial court unless it is plainly wrong or without evidence to support it. Code § 8.01-680; Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008); Jackson v. Commonwealth, 267 Va. 178, 204, 590 S.E.2d 520, 535 (2004).

To decide whether the evidence was sufficient to sustain Jones' conviction for maintaining or operating a fortified drug house, it is necessary to interpret the meaning of the phrase "substantially altered from its

3

original status" as set forth in Code § 18.2-258.02.

"Statutory interpretation presents a pure question of law and is accordingly subject to de novo review by this Court." Washington v. Commonwealth, 272 Va. 449, 455, 634 S.E.2d 310, 313 (2006). In addition, "penal statutes must be 'strictly construed against the State' and . . . such statutes 'cannot be extended by implication or construction, or be made to embrace cases which are not within their letter and spirit.' " Commonwealth, Dep't of Motor Vehicles v. Athey, 261 Va. 385, 388, 542 S.E.2d 764, 766 (2001) (quoting Berry v. City of Chesapeake, 209 Va. 525, 526, 165 S.E.2d 291, 292 (1969)). We determine the General Assembly's intent by the words used in a statute, and when a statute is unambiguous, we are bound by the plain meaning of its language. Commonwealth v. Diaz, 266 Va. 260, 264-65, 585 S.E.2d 552, 554 (2003).

The statute at issue is not ambiguous. However, the phrase "substantially altered from its original status" is not defined. Thus, we give that phrase " 'its ordinary meaning, given the context in which it is used.' " Sansom v. Board of Supervisors, 257 Va. 589, 594-95, 514 S.E.2d 345, 349 (1999) (quoting Department of Taxation v. Orange-Madison Coop. Farm Serv., 220 Va. 655, 658, 261 S.E.2d 532, 533-34 (1980)). " 'The context may be examined by

4

considering the other language used in the statute.' "

Sansom, 257 Va. at 595, 514 S.E.2d at 349 (quoting City of

Virginia Beach v. Board of Supervisors, 246 Va. 233, 236-

37, 435 S.E.2d 382, 384 (1993)).

In the first sentence of Code § 18.2-258.02, the

General Assembly set forth the elements needed to

constitute a "fortified drug house."  Among other things,

it must be one of the specified edifices or a "building or

structure of any kind."  The structure's original status

must be substantially altered by reinforcing it with the

intent to impede, deter, or delay lawful entry by police

officers.

It is without question that the stove and 2 X 4 board

wedged between the house's rear door and a stairway, as

well as the screwdriver inserted into the door's latch,

reinforced the door and impeded lawful entry by the police

officers who were executing a search warrant for the house.

However, those items as they were used in this case did not

substantially alter that structure from its original status

any more so than wedging a chair beneath the door's handle

would have.[2]  Indeed, testimony at trial indicated that the

---

[2]  The evidence also showed that several firearms were found in the house during execution of the search warrant and that individuals inside the house took shifts protecting it.  While such measures may fortify a house and

stove had been pushed in front of the door on numerous occasions.  A house's original status is not substantially altered by the temporary movement of personal property within it.

Thus, we conclude that the evidence, when viewed in the light most favorable to the Commonwealth, was not sufficient to sustain Jones' conviction for maintaining or operating a fortified drug house.  In reaching this conclusion, the Court does not set forth an all-encompassing definition of the phrase "substantially altered from its original status" but, instead, recognizes that each case will turn upon its own peculiar facts.

For these reasons, we will reverse the judgment of the Court of Appeals and dismiss the indictment.

Reversed and dismissed.

---

impede lawful entry by police officers, they also do not fall within the ambit of Code § 18.2-258.02.