COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Beales and Senior Judge Willis
Argued at Salem, Virginia


SHANDRE TRAVON SAUNDERS
                                                         OPINION BY
v.      Record No. 0610-09-3                   JUDGE RANDOLPH A. BEALES
                                                         APRIL 27, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Leyburn Mosby, Jr., Judge

        David D. Embrey for appellant.

        Susan M. Harris, Assistant Attorney General (William C. Mims,
        Attorney General, on brief), for appellee.


        Shandre Travon Saunders (appellant) was seventeen years old when a jury in the Circuit

Court for the City of Lynchburg convicted him of aggravated malicious wounding, use of a

firearm during the commission of a felony, and participating in a street gang.  Over the objection

of appellant, the jury then considered sentencing for these convictions and determined that he

should serve a total sentence of 53 years in the penitentiary for his crimes.  The trial court

imposed this sentence in a final order of conviction dated March 13, 2009.  Appellant appeals his

sentence to this Court, arguing that the Virginia Code does not allow juries to fix sentences for

defendants who are not yet eighteen years of age.  Given the posture presented in this case, we

find that the Code did permit jury sentencing here.  Therefore, we find the trial court did not err

when it allowed the jury to fix appellant's sentence, and we affirm the Circuit Court for the City

of Lynchburg.

## I.  BACKGROUND

Appellant, a sixteen-year-old boy when this case began, was charged via delinquency petitions filed in the juvenile and domestic relations district (JDR) court on May 21, 2008 with aggravated malicious wounding and use of a firearm in the commission of a felony.[1]  The Commonwealth filed a motion requesting that the JDR court certify the charges for trial in the circuit court, pursuant to Code § 16.1-269.1(C), where the defendant could be tried as an adult rather than as a juvenile.  In compliance with that statute, the JDR court certified the aggravated malicious wounding and use of a firearm in the commission of a felony charges to the grand jury for the Circuit Court of the City of Lynchburg on June 11, 2008.  On July 7, 2008, the grand jury indicted appellant on these two charges.  The grand jury at the same time indicted appellant on a third charge, participating in a street gang, that was brought by direct indictment.[2]  A trial date was then set in the circuit court.

Before the JDR court had certified the two charges to the grand jury, the Circuit Court for the City of Lynchburg convicted and sentenced appellant on June 6, 2008, for shooting into an occupied dwelling[3] -- a charge that had previously been certified for trial in the circuit court pursuant to Code § 16.1-269.1.  Although the trial court had the option, pursuant to Code § 16.1-272, to sentence appellant as a juvenile for the crime of shooting into an occupied

---

[1] Appellant aimed a firearm toward a gas station as he was standing in a parking lot.  He shot the firearm two or three times as a cab was driving down the road in front of the gas station, and shot the cab driver in the head.  The cab driver lived, but he was left paralyzed on his right side, and had significant trouble talking.

[2] Appellant confessed that he was involved in gang activity at the time of the shooting, including wearing his gang's colors and "throwing" his gang's "blood signs."

[3] The incidents underlying this felony conviction were unrelated to the incidents underlying the three charges that were presented to the grand jury on July 7, 2008 and that are appealed here.

dwelling,[4] the court decided to treat appellant as an adult and sentenced him to serve two years in the penitentiary.

After entry of the June 6, 2008 conviction and in anticipation of the trial on the three pending charges of aggravated malicious wounding, use of a firearm during the commission of a felony, and participating in a street gang, the Commonwealth filed a notice with the trial court requesting a jury trial both on appellant's guilt and, should he be convicted, on fixing the appropriate sentence for the three pending charges. Appellant objected to the Commonwealth's request that a jury determine his sentence, arguing that a jury was not allowed to sentence him because he was still a juvenile. He argued that because Code § 16.1-271 did not specifically list *jury* sentencing, and because Code § 16.1-272 specifically prohibited jury sentencing of juveniles, the court – rather than a jury – should fix his sentence. At a pretrial hearing on this issue, the trial court found that Code § 16.1-271 applied in this case and allowed the jury to determine appellant's sentence. Appellant was then tried by a jury and convicted of the three felonies. The jury then fixed his sentence on the three convictions at 53 years in the penitentiary.

## II. ANALYSIS

Code § 16.1-271 states, in pertinent part:

> *Any juvenile* who is tried and convicted in a circuit court as an adult under the provisions of this article [Article 7] *shall be considered and treated as an adult in* any criminal proceeding resulting from any alleged future criminal acts and *any pending allegations of delinquency which have not been disposed of by the juvenile court at the time of the criminal conviction.*
>
> *All procedures and dispositions applicable to adults charged with such a criminal offense shall apply in such cases, including, but not limited to*, arrest; probable cause determination by a

---

[4] Under Code § 16.1-272(A), the trial court may sentence a juvenile as an adult, may sentence a juvenile using any of the options available to a JDR court when disposing of a delinquency petition, or may use a combination of both adult and juvenile sentencing options.

> magistrate or grand jury; the use of a warrant, summons, or capias instead of a petition to initiate the case; adult bail; preliminary hearing and right to counsel provisions; trial in a court having jurisdiction over adults; and trial and *sentencing as an adult*. The provisions of this article regarding a transfer hearing shall not be applicable to such juveniles.

(Emphasis added.) Therefore, pursuant to the clear language of this statute, if a juvenile is convicted in a trial court as an adult, a procedure permitted under Code § 16.1-272 after a JDR court has certified the charge(s) pursuant to Code § 16.1-269.1, that juvenile is thereafter "considered and treated as an adult in any criminal proceeding" that involves crimes that are committed after his adult conviction or crimes that are pending at the time of his adult conviction. Indeed, Code § 16.1-271 states that "[c]onviction of a juvenile as an adult pursuant to the provisions of this chapter shall preclude the juvenile court from taking jurisdiction of such juvenile for subsequent offenses committed by that juvenile."

Appellant was convicted and sentenced as an adult on June 6, 2008, on the felony charge of shooting into an occupied dwelling. At that time, the JDR court had not "disposed of" the three then-pending charges that are appealed here. He was convicted as an adult pursuant to the provisions of Code § 16.1-272, which is in the same article of the Code as Code § 16.1-271. Therefore, given appellant met the preconditions established in the above-quoted portion of Code § 16.1-271 when he was convicted of shooting into an occupied dwelling, the trial court had to "consider[] and treat[] [him] as an adult" during "[a]ll procedures and dispositions" on these three subsequent indictments, "including, but not limited to" "trial and sentencing as an adult."

Appellant does not argue that a jury could not determine his guilt on the three charges. He argues only that the jury could not also fix his sentence after finding him guilty of aggravated malicious wounding, use of a firearm during the commission of a felony, and participating in a street gang. However, the language in Code § 16.1-271 does not limit the use of juries to consideration of guilt, but instead requires "trial *and sentencing* as an adult" for "*all* procedures

- 4 -

and dispositions applicable to adults" when a defendant has previously been convicted as an adult, even if he is under the age of eighteen.[5]  Clearly, juries determine sentences for adults. See Code § 19.2-295 (requiring that a defendant's sentence be "ascertained by the jury" in cases where the jury determined the defendant's guilt).  Thus, Code § 16.1-271 plainly requires that a person under the age of eighteen, such as appellant, who has become an "adult" in the eyes of the criminal court, will be treated as an adult at every stage of the criminal process, including sentencing by a jury when he is found guilty by a jury. [6]

Appellant points to Code § 16.1-272, claiming that the trial court should have sentenced him pursuant to the provisions of this statute.  Subsection A of Code § 16.1-272 states:

> In any case in which a juvenile is indicted, the offense for which he is indicted and all ancillary charges shall be tried in the same manner as provided for in the trial of adults, except as otherwise provided with regard to sentencing.  Upon a finding of guilty of any charge, the court shall fix the sentence without the intervention of a jury.

This subsection then lists three ways that a trial court can sentence a "juvenile."

Appellant's argument here ignores the fact that this appeal does not actually involve a case "in which *a juvenile*" was indicted.  Under Code § 16.1-271, once a person under the age of eighteen has been sentenced as an adult, which is allowed initially under the provisions of Code

---

[5] Code § 16.1-271 applies when a juvenile has previously been "tried and convicted in a circuit court as an adult" under the provisions of Article 7, the same Article in which Code § 16.1-272 is found.

[6] Appellant argues on brief that the trial court committed a due process error, basing his argument on Roper v. Simmons, 543 U.S. 551 (2005), which held that the execution of a juvenile was unconstitutional under the Eighth Amendment's cruel and unusual punishment clause.  As he admits on brief, appellant did not make this argument at trial, and, thus, the argument is not preserved under the general provisions of Rule 5A:18.  He does not argue on brief that an exception to Rule 5A:18 applies here.  Therefore, we cannot address his due process argument. See Arrington v. Commonwealth, 53 Va. App. 635, 641-42, 674 S.E.2d 554, 557 (2009) (noting that an appellant must present his argument to the trial court or else the argument is waived on appeal, and, although an appellant can request that the Court apply an exception to Rule 5A:18, the Court will not apply an exception *sua sponte*).

§ 16.1-272, that person is forever afterward treated as an "adult" for the purposes of criminal prosecution in Virginia. Thus, even if some degree of tension exists between these two statutes, any inconsistency between Code § 16.1-271 and Code § 16.1-272 is resolved by a literal reading of these two statutes – once a "juvenile" has been sentenced as an adult in the circuit court pursuant to Code § 16.1-272, such a defendant is no longer a "juvenile," but instead is an "adult." Therefore, Code § 16.1-272 would no longer apply to such a defendant because he is not a juvenile for the purpose of criminal prosecution and sentencing. This interpretation gives clear meaning to the entirety of both code sections. See Broadnax v. Commonwealth, 24 Va. App. 808, 814-15, 485 S.E.2d 666, 668-69 (1997) (discussing interpretation of statutes and declining to adopt Broadnax's interpretation because "[t]o adopt a different construction would render the statute strained, ambiguous, illogical, and in contravention of the legislature's clear intent").

Appellant also argues that Ballard v. Commonwealth, 228 Va. 213, 321 S.E.2d 284 (1984), precludes jury sentencing in cases where a person under eighteen years old is the defendant. However, the Supreme Court held in Ballard, which involved a juvenile who was sentenced under Code § 16.1-272, only that a juvenile is not *entitled* to jury sentencing under *that* statute as the General Assembly had not seen fit to allow jury sentencing under that statute. The Supreme Court also pointed out that jury sentencing of adults is a statutory entitlement that can be eliminated or granted by the legislature as it sees fit. Id. at 216-17, 321 S.E.2d at 286. Here, unlike in Ballard, Code § 16.1-271 controlled appellant's sentencing because he had already been "tried and convicted in a circuit court as an adult under the provisions" of Article 7 before he was then tried for aggravated malicious wounding, use of a firearm during the commission of a felony, and participating in a street gang – the convictions that are being appealed here. Unlike the language in Code § 16.1-272, which specifically requires that the trial

court sentence a juvenile defendant even if a jury determined his guilt, Code § 16.1-271 indicates the legislature's intent to apply to a defendant who is under the age of eighteen, but is an "adult" for criminal trial purposes, *all* the rights, entitlements, and responsibilities that any adult criminal defendant has, including all trial *and* all sentencing procedures and dispositions. Under the Supreme Court's analysis in Ballard, the legislature clearly *can* allow jury sentencing, or disallow it, for adults and for juveniles. Thus, our holding here is entirely consistent with the Supreme Court's holding in Ballard.[7]

### III. CONCLUSION

We find that the trial court did not err when it allowed the jury to fix appellant's sentence on the three convictions of aggravated malicious wounding, use of a firearm during the commission of a felony, and participating in a street gang because appellant was required to be treated as an "adult" under the provisions of Code § 16.1-271. Therefore, we affirm the final order of conviction and sentencing entered by the trial court on March 13, 2009.

Affirmed.

---

[7] We also note that Ballard was decided in 1984. At that time, Code § 16.1-271 read, "The trial or treatment of a juvenile as an adult pursuant to the provisions of this chapter shall not preclude the juvenile court from taking jurisdiction of such juvenile for subsequent offenses committed by that juvenile." Code § 16.1-271 did not contain most of its current language until 1994 – ten years after the decision in Ballard. See 1994 Va. Acts 859, 949.