Present: Kinser, C.J., Lemons, Goodwyn, and Millette, JJ., and Carrico and Koontz, S.JJ.[*]

SHANDRE TRAVON SAUNDERS

OPINION BY
v.  Record No. 100906       SENIOR JUSTICE HARRY L. CARRICO
                                     March 4, 2011
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this criminal appeal, we decide whether a person under the age of eighteen may be sentenced by a jury rather than a judge on one or more charges specified in Code § 16.1-269.1(B) and (C).  Pursuant to that Code section, charges against the defendant, Shandre Travon Saunders, then sixteen years of age, for aggravated malicious wounding, Code § 18.2-51.2(A), and use of a firearm in the commission of a felony, Code § 18.2-53.1,[1] were certified to the grand jury on June 11, 2008, by the Juvenile and Domestic Relations District Court of the City of Lynchburg (the juvenile court).  On July 7, 2008, a grand jury indicted Saunders for these two offenses and also for

        [*] Justice Koontz presided and participated in the hearing and decision of this case prior to the effective date of his retirement on February 1, 2011; Justice Kinser was sworn in as Chief Justice on February 1, 2011.
        [1] Aggravated malicious wounding is a charge specified in Code § 16.1-269.1(B).  Code § 16.1-269.1(D) provides that upon a finding of probable cause in a preliminary hearing on a charge pursuant to subsection (B) or (C) of the statute, a juvenile court shall certify the charge and all ancillary charges to the grand jury.  Hence, use of a firearm in the commission of a felony was certified as an ancillary charge in this case.

participation in an act of violence in association with a criminal street gang.  Code § 18.2-46.2.

BACKGROUND

These three charges arose out of an incident that occurred on September 7, 2007.  Greg Powell, a taxicab driver and part-time football coach, was driving his cab near the intersection of Garfield Avenue and Twelfth Street in Lynchburg.  As he drove past a gas station, Saunders, who was standing in a parking lot on the opposite side of the street, fired a .380 caliber handgun two or three times, striking Powell in the side of his face, causing him to lose control of his vehicle and crash into a tree.  Powell suffered severe injuries, including facial fractures and an injury to the left carotid artery in his neck. Several days later, he suffered a stroke and permanent brain damage.  He is paralyzed in the right side of his body and cannot speak or process speech.

The shooting was gang-related.  Saunders was a leader in a gang called the Garfield Avenue Bloods that was involved in home-invasion robbery, malicious wounding, and drug dealing.

Saunders' trial in circuit court on the three charges was set before a jury.  Pretrial, he moved that the jury be precluded from sentencing him if it found him guilty of any of the charges, arguing that Virginia law does not allow juries to fix the punishment for defendants under the age of eighteen.

2

However, on March 21, 2008, before the three charges were certified by the juvenile court on June 11, 2008, the circuit court had tried Saunders on a charge of shooting into an occupied dwelling, Code § 18.2-279, had convicted him as an adult on his plea of guilty, and on June 6, 2008, had sentenced him to ten years' imprisonment, with eight years suspended. Saunders had waived the jurisdiction of the juvenile court on the occupied dwelling shooting on February 13, 2008, and it was not related in any way to the three charges currently under review.

Saunders' conviction on March 21, 2008, of shooting into an occupied dwelling arose out of an incident that occurred on September 21, 2007, two weeks after Saunders shot Powell. Armed with the same .380 caliber gun he had used on Powell, Saunders went to an apartment in Lynchburg and shot at several men inside the apartment. They returned fire, and then everyone fled. The shooting was drug-related.

The circuit court entered an order denying Saunders' motion to preclude the jury from sentencing him on the three charges and directing that Saunders "be sentenced by a jury if convicted." On January 26, 2009, the jury convicted Saunders of all three charges and fixed his punishment at forty years' imprisonment on the charge of aggravated malicious wounding, three years on the charge of use of a firearm in the commission

3

of a felony, and ten years on the charge of participation in an act of violence in association with a criminal street gang, totaling fifty-three years in all.  The circuit court imposed the punishment fixed by the jury.

Saunders sought an appeal from the Court of Appeals of Virginia, assigning error only to the circuit court's order allowing the jury to fix his sentence.  The Court of Appeals awarded an appeal, upheld the circuit court's denial of Saunders' motion for non-jury sentencing, and affirmed his conviction.  Saunders v. Commonwealth, 56 Va. App. 139, 692 S.E.2d 252 (2010).  We awarded Saunders this appeal.

Sections 16.1-271 and 16.1-272 in Chapter 11, Article 7 of Title 16.1 of the Code of Virginia are at the heart of the issue in this case.  Code § 16.1-271 provides in pertinent part as follows:

> Conviction of a juvenile as an adult pursuant to the provisions of this chapter shall preclude the juvenile court [from] taking jurisdiction of such juvenile for subsequent offenses committed by that juvenile.

> Any juvenile who is tried and convicted in a circuit court as an adult under the provisions of this article shall be considered and treated as an adult in any criminal proceeding resulting from any alleged future criminal acts and any pending allegations of delinquency which have not been disposed of by the juvenile court at the time of the criminal conviction.

> All procedures and dispositions applicable to adults charged with such a criminal offense shall apply in such cases, including, but not limited to, arrest; probable cause determination by a magistrate or grand jury; the use

4

of a warrant, summons, or capias instead of a petition to initiate the case; adult bail; preliminary hearing and a right to counsel provisions; trial in a court having jurisdiction over adults; and trial and sentencing as an adult.

Code § 16.1-272 provides in pertinent part as follows:

A. In any case in which a juvenile is indicted, the offense for which he is indicted and all ancillary charges shall be tried in the same manner as provided for in the trial of adults, except as otherwise provided with regard to sentencing. Upon a finding of guilty of any charge, the court shall fix the sentence without the intervention of a jury.

## STANDARD OF REVIEW

Whether a defendant under the age of eighteen must be sentenced by a judge rather than a jury in certain cases "presents a pure question of law and is accordingly subject to de novo review by this Court." See Jones v. Commonwealth, 276 Va. 121, 124, 661 S.E.2d 412, 414 (2008). "[P]enal statutes must be strictly construed against the State and . . . such statutes cannot be extended by implication or construction, or be made to embrace cases which are not within their letter and spirit. We determine the General Assembly's intent by the words used in a statute, and when a statute is unambiguous, we are bound by the plain meaning of its language." Id. (internal quotation marks and citations omitted). "[T]he accused is entitled to the benefit of any reasonable doubt about the construction of a criminal statute." Stevenson v. City of Falls

5

<u>Church</u>, 243 Va. 434, 436, 416 S.E.2d 435, 437 (1992) (internal quotation marks and citations omitted).

ANALYSIS

Saunders contends that the language contained in Code §§ 16.1-271 and 16.1-272 with respect to the treatment of juvenile offenders as adult criminals is ambiguous, contradictory, and confusing, but his argument tends to prove the opposite. He says that the first paragraph of Code § 16.1-271 precludes a juvenile court from taking jurisdiction over offenses committed after the accused is adjudicated an adult while the second paragraph purports to expand the statute's applicability to also preclude offenses pending but not disposed of by the juvenile court at the time of the adult adjudication.

Thus, Saunders asserts, the first paragraph, standing alone, would not have precluded the juvenile court from taking jurisdiction over the three offenses now under review since they occurred on September 7, 2007, prior to, rather than subsequent to, the date of the shooting-into-an-occupied-dwelling offense which occurred on September 21, 2007, and was the basis for his adjudication as an adult on March 21, 2008. Saunders then makes the following concession: "[T]he charges involved in this appeal clearly fall within the ambit of the second paragraph of Section 16.1-271."

6

With respect to Code § 16.1-272, Saunders, surprisingly, does not come right out and say, as one might expect him to say, that the statute applies to him and mandates his sentencing by the court. Indeed, he tends to prove the opposite in the following statement:

> The Commonwealth's argument that Section 16.1-272 does not apply to youthful offenders who fall within the scope of 16.1-271 is one plausible interpretation of the General Assembly's intent but the defendant submits that the result that only judges would sentence juveniles on their first conviction as an adult but juries could sentence on any later convictions, regardless of the severity of the offenses, is not clearly evoked in the language of these sections.

In our opinion, "[t]he Commonwealth's argument that Section 16.1-272 does not apply to youthful offenders who fall within the scope of 16.1-271" is the only plausible interpretation of the General Assembly's intent in its enactment of the two statutes, and that intent could not have been more clearly articulated. Code § 16.1-271 applies to "[a]ny juvenile who is tried and convicted in a circuit court as an adult." On the other hand, Code § 16.1-272 applies "[i]n any case in which a juvenile is indicted."

When Saunders appeared before the circuit court for sentencing on the three charges under review, he was not a juvenile. He had been previously convicted as an adult on an unrelated charge and given an adult sentence on June 6, 2008.

7

The necessary conclusion, therefore, is that the jury was correctly allowed to sentence Saunders on the three charges.

Finally, Saunders requests that we apply the ends of justice exception in Rule 5:25 to consider the argument that any procedure for jury sentencing of persons under the age of eighteen must include a requirement that the jury be instructed to consider the defendant's youth in mitigation. Saunders cites Roper v. Simmons, 543 U.S. 551 (2005), in which the Supreme Court held that the execution of a juvenile was unconstitutional under the Eighth Amendment. However, Saunders did not make the argument in the circuit court, the Court of Appeals refused to consider the argument, and he has not assigned error to the Court of Appeals' refusal. Given the circumstances of this case, we will not consider it either.

CONCLUSION

We find no error in the judgment of the Court of Appeals. Accordingly, we will affirm the judgment.

Affirmed.