COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Huff and Senior Judge Coleman
Argued at Richmond, Virginia

UNPUBLISHED

DAMON JAMEL BRADSHAW

MEMORANDUM OPINION* BY
v.      Record Nos. 1067-12-2 and          SENIOR JUDGE SAM W. COLEMAN III
                     1350-12-2                        SEPTEMBER 24, 2013

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Harold W. Burgess, Jr., Judge

Philip A. Roberts, Jr., for appellant.

John W. Blanton, Assistant Attorney General (Kenneth T. Cuccinelli,
II, Attorney General, on brief), for appellee.


Damon Jamel Bradshaw (appellant) challenges his latest conviction following two successive trials for possession of a firearm by a violent criminal, in violation of Code § 18.2-308.2.  He argues that the latest conviction violated his constitutional protection against double jeopardy, because he possessed the two firearms simultaneously.  For the reasons that follow, we affirm.

FACTS

On appeal, "'we consider the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth, the prevailing party below.'" Crawford v. Commonwealth, 281 Va. 84, 97, 704 S.E.2d 107, 115 (2011) (quoting Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 924 (2000)).

--------

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At the jury trial, the Commonwealth presented evidence that police were conducting surveillance of appellant at his mother's house. After appellant left the house in a car, Detective Richard Reagan stopped the car for speeding. Once the vehicle stopped, appellant fled the car on foot. Detective Chris Humphries followed appellant and arrested him. Soon after, police retraced appellant's flight path and recovered a .357 Magnum handgun on the ground along that path. After appellant's arrest, police obtained a search warrant for his mother's house. In a search of the bedroom containing numerous personal items belonging to appellant, they recovered a second firearm.

The Commonwealth charged appellant with two counts of possession of a firearm by a violent felon. The trial court granted appellant's motion to sever the charges, and following a conviction on the first charge, appellant moved to dismiss the second charge on double jeopardy grounds. The trial court overruled the motion, noting that appellant "exercised dominion and control over two weapons in different locations at different times."

The jury found appellant guilty of the second count of possession of a firearm by a violent felon, and this double jeopardy challenge followed.

ANALYSIS

Appellant appeals his second conviction of possession of a firearm, asking this Court to reverse the conviction and dismiss the charge. He does not challenge that the evidence is sufficient to prove he possessed the firearms. He argues instead that his constitutional right against double jeopardy was violated because he was convicted twice under the same statute for a single incident. Specifically, appellant contends his possession of the two weapons constituted a single offense because he had both guns at his mother's house, and when he left the house with one of the weapons, it was a "perpetuation of the same offense." The Commonwealth responds

that the transportation of one of the guns was a separate and distinct act from the possession of the firearm kept at the house.

The Double Jeopardy Clause "'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" Shears v. Commonwealth, 23 Va. App. 394, 400, 477 S.E.2d 309, 312 (1996) (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)).

However, "conduct may constitute more than one violation of a single criminal proscription." Jordan v. Commonwealth, 2 Va. App. 590, 593, 347 S.E.2d 152, 154 (1986). In doing so, we keep in mind that criminal statutes must be construed strictly against the Commonwealth. See, e.g., Saunders v. Commonwealth, 281 Va. 448, 453, 706 S.E.2d 350, 352 (2011).

Code § 18.2-308.2 provides, in pertinent part, that "[i]t shall be unlawful for . . . any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm." The General Assembly intended to separately punish separate instances of possession. Baker v. Commonwealth, 284 Va. 572, 577, 733 S.E.2d 642, 645 (2012) (affirming multiple convictions for different occurrences of possessing the same firearm). Each act of illegal possession of a firearm presents a heightened danger to the community. Id. "[A] new offense of possession can be established with each separate act or occurrence that can be proven by the government." Id. at 578, 733 S.E.2d at 645.

Under this analysis, appellant's two convictions under Code § 18.2-308.2 derive from distinct acts. The first conviction was based on the possession of the firearm appellant transported with him in the car. The second conviction was based on the constructive possession of a firearm in the bedroom. Appellant's transportation of one weapon is an act distinguishable

from his possession of a second weapon elsewhere. Because appellant possessed each firearm at separate locations and at separate times, he "committed two distinct violations of a single criminal proscription." See Shears, 23 Va. App. at 401, 477 S.E.2d at 312 (affirming two convictions for possession of cocaine where the defendant had a small amount of the drug on his person for the "immediate distribution to a prospective buyer" and constructively possessed similar drugs elsewhere); see also Baker, 284 Va. at 578, 733 S.E.2d at 646 (holding appellant's three separate displays of the same firearm constituted three distinct acts punishable separately under Code § 18.2-308.2(A)).

Contrary to appellant's argument, our holding in Acey v. Commonwealth, 29 Va. App. 240, 511 S.E.2d 429 (1999), is inapplicable to his case. In Acey, we followed "'the general rule . . . that when a convicted felon acquires two or more firearms in one transaction and stores and possesses them together, he commits only one offense.'" Id. at 251, 511 S.E.2d at 434 (alteration in original) (quoting United States v. Mullins, 698 F.2d 686, 687 (4th Cir. 1983)); see also United States v. Verrecchia, 196 F.3d 294 (1st Cir. 1999) (noting that the federal circuits "agree[] that the simultaneous possession of multiple firearms, or a firearm and ammunition, constitutes only one crime"). Unlike the defendant in Acey, appellant did not limit his possession of multiple firearms to a unified act of possession. See Acey, 29 Va. App. at 245, 511 S.E.2d at 431 (holding defendant's act constituted a single offense of possession where he took three guns at the same time and put them in his car before calling the police).

Because appellant's act of transporting a gun with him in the car was separate and distinct from his possession of the gun in the bedroom, the trial court properly denied his motion

to dismiss the second charge of possession of a weapon as a convicted felon.  For this reason, we affirm.

<u>Affirmed.</u>