COURT OF APPEALS OF VIRGINIA

Present:   Judges Chafin, Malveaux and Senior Judge Frank
Argued at Norfolk, Virginia

UNPUBLISHED

WILLIAM LEE WHITING

MEMORANDUM OPINION[*] BY
v.      Record No. 1449-15-1      JUDGE MARY BENNETT MALVEAUX
NOVEMBER 1, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
Louis R. Lerner, Judge

Kimberly Enderson Hensley for appellant.

J. Christian Obenshain, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


William Lee Whiting ("appellant") was convicted following a bench trial of attempted

abduction, in violation of Code §§ 18.2-47 and 18.2-26, assault and battery, in violation of Code

§ 18.2-57, and public intoxication, in violation of Code § 18.2-388.  In light of those convictions,

the trial court also revoked his previously suspended sentence for failing to register as a sex

offender, in violation of Code § 18.2-472.1.  On appeal, he challenges the sufficiency of the

evidence to convict him of attempted abduction, arguing that any abduction of his victim was

incidental to his separate assault and battery offense.  Appellant also argues that, prior to the

revocation of his suspended sentence, he was not afforded a hearing as required by Code

§ 19.2-306.  For the reasons stated below, we affirm in part and reverse in part the judgment of

the trial court, and remand for further proceedings consistent with this opinion.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

On July 19, 2014, Natasha Newman and her husband were fishing at Gloucester Point Beach. As Newman walked to a portable toilet, she noticed appellant stumbling out of a car. He approached Newman when she was about ten steps away from the portable toilet, grabbed her left arm, and said he had something for her. Newman replied, "No, thank you. I don't do drugs," because she assumed that was what she was being offered. Appellant responded by saying, "No. I got something to show you." Newman replied that she was not interested, but appellant had already grabbed her right arm above the elbow "like he was trying to turn me to say something." Appellant then pushed Newman against the portable toilet. At that point, Newman thought she might have urinated on herself. She looked down and saw that appellant "had his penis out on me peeing on me."

When Newman saw appellant's penis touching her leg, she pushed him away. She then grabbed the door of the portable toilet, turned, and shoved the door into appellant. Newman entered the toilet and locked herself inside, and appellant began shaking the door and trying to open it. Newman phoned her husband, but by the time he arrived appellant had left the immediate area.

After appellant was arrested and charged with the aforementioned offenses, the Commonwealth began probation revocation proceedings on appellant's 2011 conviction for failing to register as a sex offender. The show cause order issued to appellant alleged he had violated the terms of his suspended sentence by failing to "obey all Federal, State, and local laws and ordinances" and by "us[ing] alcoholic beverages to the extent that it disrupts or interferes with . . . employment or orderly conduct."

Appellant appeared for trial on January 13, 2015. The trial court decided that after trial it would, if necessary, "send the revocation over for the same date" as sentencing. The

Commonwealth agreed to this arrangement, and appellant did not object. Appellant pled not guilty to charges of attempted abduction, assault and battery, and public intoxication and was convicted of all charges. The trial court set both the sentencing and revocation hearings for May 26, 2015.

At the May 26 hearing, appellant requested a continuance to correct errors in his presentence report. A continuance was granted to August 17, 2015. No revocation hearing was held on May 26.

At the beginning of the August 17 hearing, the Commonwealth noted that appellant had already been found guilty of the probation violation when questioned by the court as to its status. Appellant neither corrected nor objected to the Commonwealth's erroneous statement that he had already been found guilty of a probation violation.

After hearing evidence and argument about sentencing for the attempted abduction, assault and battery, and public intoxication convictions, the trial court noted that he "already found the evidence sufficient to revoke." Appellant did not object to the trial court's erroneous statement that it had already found sufficient evidence to justify revocation.

The trial court sentenced appellant to five years' incarceration for attempted abduction, twelve months' incarceration for assault, and levied a $50 fine for public intoxication. The trial court also revoked appellant's previously suspended sentence for failing to register as a sex offender and imposed the remaining balance of the sentence. Appellant timely filed a notice of appeal with this Court.

## II. ANALYSIS

### A. Sufficiency of the Evidence of Attempted Abduction

"When considering a challenge to the sufficiency of evidence on appeal, we review the evidence in the light most favorable to the prevailing party at trial and consider all inferences

fairly deducible from that evidence." Dunne v. Commonwealth, 66 Va. App. 24, 26, 782 S.E.2d 170, 171 (2016) (quoting Jones v. Commonwealth, 276 Va. 121, 124, 661 S.E.2d 412, 414 (2008)). In conducting such a review, this Court will not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Dunn v. Commonwealth, 52 Va. App. 611, 618, 665 S.E.2d 868, 871 (2008) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). Rather, "the relevant question is whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quoting Jackson, 443 U.S. at 319). "If there is evidence to support the conviction[], the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial." Clark v. Commonwealth, 279 Va. 636, 641, 691 S.E.2d 786, 788 (2010) (quoting Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998)). Thus, this Court will uphold the conviction of the trial court "unless it is plainly wrong or lacks evidentiary support." Molina v. Commonwealth, 47 Va. App. 338, 369, 624 S.E.2d 83, 98 (2006).

Appellant argues that the trial court erred when it found the evidence sufficient to convict him of attempted abduction. He maintains that any attempted abduction or detention of Newman was incidental to his commission of the separate assault and battery offense. As such, it was not separate and apart from the assault and battery, and therefore did not constitute a separate offense of attempted abduction.

In making this argument, appellant relies upon the incidental detention doctrine discussed by the Supreme Court of Virginia in Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985). In Brown, the defendant argued that he could not be punished for both rape and abduction with intent to defile arising out of a continuing criminal enterprise because such conduct constituted the same offense under the double jeopardy test articulated in Blockburger v.

United States, 284 U.S. 299 (1932). Applying principles of double jeopardy, the Brown Court determined that

> in the enactment of the abduction statute the General Assembly did not intend to make the kind of restraint which is an intrinsic element of crimes such as rape, robbery, and assault a criminal act, punishable as a separate offense. . . .
>
> [T]herefore . . . one accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, the restraint employed in the commission of the other crime.

Brown, 230 Va. at 314, 337 S.E.2d at 713-14.

The Commonwealth argues the incidental detention doctrine does not apply here because the abduction was merely attempted and remained incomplete. Since an attempted abduction is, by definition, an ineffectual abduction, it cannot constitute an abduction by detention and thus does not implicate the doctrine outlined in Brown.[1] We agree.

In Brown, the Court acted to guard against double jeopardy in the context of completed abductions, where an abduction by detention might overlap with a "detention plus" crime also involving detention or seizure of the victim. The Court did not speak to attempt crimes, such as attempted abduction; rather, it limited itself to interpreting the General Assembly's intent in crafting abduction statutes applicable to completed crimes. See Code §§ 18.2-47, -48. Here, appellant was convicted of an attempt crime, because his efforts to abduct Newman remained incomplete. Accordingly, we conclude the incidental detention doctrine does not control in the

---

[1] In making this argument, the Commonwealth references an unpublished decision from our Court, Gray v. Commonwealth, No. 2305-12-1, 2014 Va. App. LEXIS 83 (Va. Ct. App. Mar. 11, 2014) (Kelsey, J., concurring). In Gray, the concurrence noted that because attempted abduction is an attempted detention crime rather than a detention crime, "the Brown . . . doctrine has no legal or logical application to a conviction for attempted abduction." Id. at *11. We find the reasoning of Gray's concurrence persuasive.

instant case and affirm the judgment of the trial court convicting appellant of attempted abduction.

### B. Failure to Conduct a Revocation Hearing

Appellant argues the trial court erred when it revoked his previously suspended sentence for failing to register as a sex offender without affording him a revocation hearing. Although appellant failed to raise a timely objection to his probation revocation at the August 17 sentencing hearing, and thus failed to preserve this issue for appellate review, he asks this Court to reverse the revocation to attain the ends of justice. The failure to hold a revocation hearing, appellant argues, denied him his essential rights and rendered his probation revocation improper. We agree.

Code § 19.2-306 provides, in pertinent part, that "[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of [his sentence's] suspension . . . the court shall revoke the suspension." Appellant contends he was never afforded this statutory revocation hearing. Instead, at the August 17, 2015 hearing, the Commonwealth erroneously informed the trial court that appellant had previously been found guilty of violating his probation – even though no evidence had been presented on the alleged violation and no finding had been entered by the court. This mistake by the Commonwealth was compounded when, at the conclusion of proceedings, the trial court stated, "Was he already – I already found the evidence sufficient to revoke." Appellant concedes that his trial counsel "failed to realize the Commonwealth's mistake and did not object to [his] suspended sentence being revoked," and thus failed to properly preserve this issue for appeal under the requirements of Rule 5A:18. However, appellant asks this Court to consider the merits of his argument under the "ends of justice" exception to the rule.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The ends of justice exception [to Rule 5A:18] is narrow and is to be used sparingly." Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 609 (2004) (quoting Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997)). The exception is only appropriate "when the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights." Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005). The error must be "clear, substantial, and material," Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989), and the defendant "must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred," Redman, 25 Va. App. at 221, 487 S.E.2d at 272.

Appellant argues that the ends of justice exception applies because he was denied his essential right to a revocation hearing.[2] While he concedes that a revocation hearing does not afford a defendant the same constitutional rights as at trial, appellant contends that "there remains a limited right of confrontation," as well as rights to an opportunity to be heard, to present witnesses and other evidence, and to challenge the Commonwealth's evidence. We agree.

Although a revocation hearing "occur[s] after a criminal prosecution has ended in a conviction," Henderson v. Commonwealth, 285 Va. 318, 325, 736 S.E.2d 901, 905 (2013), it is nevertheless a part of the "criminal process," Green v. Commonwealth, 263 Va. 191, 194, 557 S.E.2d 230, 232 (2002). As such, this Court has recognized that while "a probation . . .

---

[2] Appellant also argues that the revocation order is void *ab initio* since the trial court did not have the power to enter the order without first conducting a revocation hearing under Code § 19.2-306. We do not reach this issue because we resolve this matter on other grounds.

revocation proceeding is not a trial at which 'the "full panoply" of constitutional rights' applies . . . such a proceeding nevertheless requires an assessment of wrongdoing like in the guilt phase of a trial." Blunt v. Commonwealth, 62 Va. App. 1, 10-11, 741 S.E.2d 56, 60 (2013) (quoting Henderson, 285 Va. at 325, 736 S.E.2d at 905). "Although the Sixth Amendment right of confrontation applies only in criminal trials, a more limited right of confrontation was included in the Due Process Clause of the Fourteenth Amendment, applicable to parole and probation revocation proceedings." Henderson, 285 Va. at 325-26, 736 S.E.2d at 905. The minimum requirements of this due process include "disclosure to the [probationer] of evidence against him," the "opportunity to be heard in person and to present witnesses and documentary evidence," and "the right to confront and cross-examine adverse witnesses . . . ." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)).

Here, the trial court erroneously believed it had previously found appellant guilty of violating his probation. Accordingly, it revoked his suspended sentence without conducting the hearing required by Code § 19.2-306. Appellant had no opportunity to be heard on the alleged probation violation, to present evidence in his favor, to challenge any Commonwealth's evidence of a purported probation violation, or to confront and cross-examine any witnesses who might have testified to the alleged violation. The trial court's assumption that appellant was guilty of a probation violation constituted a clear, substantial, and material error producing a significant miscarriage of justice. See Brown, 8 Va. App. at 132, 380 S.E.2d at 11; Redman, 25 Va. App. at 221, 487 S.E.2d at 272. This miscarriage denied appellant his essential due process rights. Although appellant failed to properly preserve this issue for our review, to attain the ends of justice, we reverse the trial court's revocation of appellant's suspended sentence and remand for an adjudicatory hearing to determine his revocation status.

## III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court convicting appellant of attempted abduction.  We also reverse the trial court's revocation of appellant's suspended sentence and remand this case for the limited purpose of conducting a revocation hearing in accordance with Code § 19.2-306.

Affirmed in part,
reversed in part,
and remanded.
