COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Humphreys and Kelsey
Argued by teleconference

DENNIS WAYNE ROWLEY

                                                          OPINION BY
v.        Record No. 1037-05-2              JUDGE D. ARTHUR KELSEY
                                                          MAY 2, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William H. Ledbetter, Jr., Judge

Mark S. Gardner (Muriel-Theresa Pitney; Gardner, Maupin,
Sutton & Haney, P.C.; Law Office of Muriel Pitney, PLC, on
brief), for appellant.

Alice T. Armstrong, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Dennis Wayne Rowley appeals a conviction under Code § 18.2-268.3 for unlawfully

refusing to provide a breath sample after being arrested for driving under the influence of

alcohol. This statute, Rowley argues, violates the Fourth and Fifth Amendments to the United

States Constitution. The trial court disagreed, as do we.

I.

A police officer stopped Rowley's pickup truck after observing it "weaving badly" across

the road. Rowley had a "strong odor" of alcohol on his breath, bloodshot eyes, and a staggering

gait. The officer administered several field sobriety tests to Rowley, all of which he failed. The

officer arrested Rowley for driving under the influence of alcohol and advised him of his rights

under the Implied Consent Law, Code § 18.2-268.2. The officer then directed Rowley to provide

a breath sample, as the statute requires. Rowley refused to do so.

Rowley was charged with driving under the influence in violation of Code § 18.2-266

and refusing to provide a breath sample in violation of Code § 18.2-268.3. The general district

court dismissed the DUI charge, but found Rowley guilty of refusing the breath test. Rowley

appealed the refusal conviction to the circuit court. He stipulated his factual guilt, but claimed

the refusal statute violated the Fourth and Fifth Amendments. The circuit court rejected

Rowley's reasoning and entered the final conviction order, from which he now appeals.

II.

A. BREATH TESTS & THE PRIVILEGE AGAINST SELF-INCRIMINATION

Under the Fifth Amendment, the government cannot compel a defendant to "be a witness

against himself." U.S. Const. amend. V. "The word 'witness' in the constitutional text limits the

relevant category of compelled incriminating communications to those that are 'testimonial' in

character." United States v. Hubbell, 530 U.S. 27, 34 (2000); see also Baltimore Dep't of Soc.

Servs. v. Bouknight, 493 U.S. 549, 554 (1990); Farmer v. Commonwealth, 12 Va. App. 337,

340-41, 404 S.E.2d 371, 372-73 (1991) (*en banc*). In short, the privilege against self-

incrimination is simply "not concerned with nontestimonial evidence." Oregon v. Elstad, 470

U.S. 298, 304 (1985); see also United States v. Patane, 542 U.S. 630, 637-38 (2004).

As Justice Holmes observed, the privilege against self-incrimination recognizes "a

significant difference between the use of compulsion to extort *communications* from a defendant

and compelling a person to engage in *conduct* that may be incriminating." Hubbell, 530 U.S. at

34-35 (emphasis added). For this reason, "even though the act may provide incriminating

evidence, a criminal suspect may be compelled to put on a shirt, to provide a blood sample or

handwriting exemplar, or to make a recording of his voice." Id. at 35 (footnotes omitted). A

suspect may also be compelled "to submit to fingerprinting, photographing, or measurements, to

write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to

make a particular gesture." Farmer, 12 Va. App. at 341, 404 S.E.2d at 373 (quoting Schmerber

v. California, 384 U.S. 757, 764 (1966)). The mere "act of exhibiting such physical

characteristics" cannot be characterized as testimonial. Hubbell, 530 U.S. at 35 (citing

Pennsylvania v. Muniz, 496 U.S. 582, 594-98 (1990)). Though the Fifth Amendment bars

"compelling 'communications' or 'testimony'" from a suspect, compulsion that merely makes

him "the source of 'real or physical evidence' does not violate it." California v. Byers, 402 U.S.

424, 432 (1971) (citation omitted).

Code §§ 18.2-268.2 and 18.2-268.3 require a DUI suspect to provide a breath sample.[1]

A person's breath, however, is no more testimonial than his blood — which likewise can be

extracted from a suspect against his will, Schmerber, 384 U.S. at 765, even though blood tests

may provide incriminating evidence in a later DUI prosecution. Schmerber explained the point

this way:

> It could not be denied that in requiring petitioner to submit to the
> withdrawal and chemical analysis of his blood the State compelled
> him to submit to an attempt to discover evidence that might be used to
> prosecute him . . . . The critical question, then, is whether petitioner
> was thus compelled "to be a witness against himself."
>
>      *    *    *    *    *    *    *
>
> [B]oth federal and state courts have usually held that [the Fifth
> Amendment] offers no protection against compulsion to submit to
> fingerprinting, photographing, or measurements, to write or speak for
> identification, to appear in court, to stand, to assume a stance, to walk,
> or to make a particular gesture. *The distinction which has emerged,
> often expressed in different ways, is that the privilege is a bar against
> compelling "communications" or "testimony," but that compulsion
> which makes a suspect or accused the source of "real or physical
> evidence" does not violate it.*
>
>      *    *    *    *    *    *    *
>
> Not even a shadow of testimonial compulsion upon or enforced
> communication by the accused was involved either in the extraction
> or in the chemical analysis. . . . *Since the blood test evidence,
> although an incriminating product of compulsion, was neither*

---

[1] If a breath test is unavailable or the suspect is physically unable to perform the breath test, the suspect must submit to a blood test. Code § 18.2-268.2(B).

> *petitioner's testimony nor evidence relating to some communicative act or writing by the petitioner, it was not inadmissible on [Fifth Amendment] privilege grounds.*

Id. at 761, 764-65 (emphasis added and footnote omitted). Cf. South Dakota v. Neville, 459 U.S. 553 (1983) (holding no compulsion implicit in a blood test even though a refusal to submit to the test could be used to prosecute a DUI charge and could also lead to license suspension).

We found this reasoning persuasive when rejecting a Fifth Amendment challenge to DUI field sobriety tests. Farmer, 12 Va. App. at 341, 404 S.E.2d at 373. And we find it no less convincing as a rejoinder to Rowley's challenge to DUI breath tests. As do most courts, we view breath tests as "non-testimonial, rather than communicative, in nature, and thus exempt from the constitutional guarantee against self-incrimination." 1 Richard E. Erwin, Defense of Drunk Driving Cases: Criminal-Civil (MB) § 6.03, at 6-27 (Feb. 2004) (collecting cases). Cf. United States v. Dionisio, 410 U.S. 1, 7 (1973) (holding voice samples nontestimonial because they "were to be used solely to measure the physical properties of the witnesses' voices").

It adds nothing to the analysis to consider, as Rowley insists we must, the criminal penalty associated with the refusal. An inherently nontestimonial act does not become testimonial simply because the legislature chooses to compel it upon pain of imprisonment. On this subject, we agree with the Ninth Circuit that

> just as the imposition of criminal contempt penalties does not transform the refusal to obey a court order regarding nontestimonial evidence into a testimonial communication with respect to the contempt charge . . . neither does the imposition [by the state] of a criminal penalty for refusal to provide the state with the physical evidence of a breathalyzer . . . qualitatively transform the refusal into testimony.

Deering v. Brown, 839 F.2d 539, 542 (9th Cir. 1988) (holding DUI refusal statute did not compel "testimonial" evidence); see also Belgarde v. Montana, 123 F.3d 1210, 1214 (9th Cir. 1997) (dismissing habeas claim on this basis); Hill v. State, 366 So. 2d 318, 325 (Ala. 1979) (holding

- 4 -

evidence of DUI breath and blood test refusal to be nontestimonial). Even with the criminal sanction of Code § 18.2-268.3, we remain of the view that the "fact of the refusal to perform tests that do not themselves constitute communicative or testimonial evidence is equally non-communicative and non-testimonial in nature." Farmer, 12 Va. App. at 341, 404 S.E.2d at 373 (citation omitted).

Code § 18.2-268.3 compels no testimonial evidence, and thus, violates no right protected by the Fifth Amendment. The trial court, therefore, did not err in denying Rowley's motion to dismiss the refusal charge on this ground.

### B. BREATH TESTS AND UNREASONABLE SEARCHES & SEIZURES

We also find no Fourth Amendment violation in punishing a DUI suspect for refusing to provide a breath sample under Code § 18.2-268.3. "As a general rule, 'a search authorized by consent is wholly valid.'" Kyer v. Commonwealth, 45 Va. App. 473, 483, 612 S.E.2d 213, 218 (2005) (*en banc*) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973)). The general rule applies here because Rowley, like all drivers, consented to submit breath samples by exercising the legal privilege of driving on the Commonwealth's roads. See Code § 18.2-268.2(A). This consent is not "qualified" or "conditional." Cash v. Commonwealth, 251 Va. 46, 49, 466 S.E.2d 736, 738 (1996) (citation omitted). To allow it to be unilaterally withdrawn would "virtually nullify the Implied Consent Law." Deaner v. Commonwealth, 210 Va. 285, 293, 170 S.E.2d 199, 204 (1969).

Rowley's Fourth Amendment challenge to Code § 18.2-268.3 thus fails for the very reason Code § 18.2-268.2(A) succeeds. The act of driving constitutes an irrevocable, albeit implied, consent to the officer's demand for a breath sample. See Burnett v. Anchorage, 806 F.2d 1447, 1450 (9th Cir. 1986) (holding that there "is no Fourth Amendment right to refuse a

breathalyzer examination").  The trial court, therefore, correctly rejected Rowley's Fourth

Amendment claim.

III.

In sum, Code § 18.2-268.3 does not compel testimonial evidence in breach of the Fifth

Amendment or authorize an unlawful search or seizure in violation of the Fourth Amendment.[2]

There being no constitutional basis for Rowley's challenge to his conviction, we affirm.

Affirmed.

---

[2] Rowley also relies on the parallel protections of the Virginia Constitution.  We have "consistently held that the protections afforded under the Virginia Constitution are co-extensive with those in the United States Constitution."  Slayton v. Commonwealth, 41 Va. App. 101, 109-10 n.2, 582 S.E.2d 448, 452 n.2 (2003); Craddock v. Commonwealth, 40 Va. App. 539, 552 n.2, 580 S.E.2d 454, 461 n.2 (2003).  This constitutional symmetry governs claims under the Fifth Amendment, Sabo v. Commonwealth, 38 Va. App. 63, 77, 561 S.E.2d 761, 768 (2002), as well as the Fourth Amendment, El-Amin v. Commonwealth, 269 Va. 15, 19 n.3, 607 S.E.2d 115, 116 n.3 (2005).