# CIRCUIT COURT OF HANOVER COUNTY

Commonwealth of Virginia

   v.

Robert Keith Hyatt

February 11, 2014

Case No. CR13000912-00

By Judge J. Overton Harris

Before the court is Defendant's Motion to Suppress. The court heard argument on January 7, 2014, and took the matter under advisement. Following a thorough review of the arguments, subsequently submitted materials, the pleadings, and the law, the court finds as follows.

## I. *Background*

This case arises out of a traffic stop in Hanover County on May 7, 2013. The officer arrested the Defendant and charged him with Driving under the Influence ("DUI"), Second Offense within Five Years pursuant to Virginia Code § 18.2-266. Subsequent to Defendant's arrest, the officer requested a sample of his breath be given in accordance with Virginia Code § 18.2-268.3; the Defendant refused to provide a sample. The Defendant was informed of his rights under the Implied Consent Law, Virginia Code § 18.2-268.2, and again refused to provide a breath sample. As a result of this refusal and Defendant's previous conviction of DUI within the last ten years, Defendant was charged with a Class 2 Misdemeanor under Virginia Code § 18.2-268.3(D). The Commonwealth moved to nolle prosequi the refusal charge on September 13, 2013, and obtained a direct indictment on October 15, 2013.

On January 7, 2014, this Court heard argument on Defendant's Motion to Suppress the Evidence. Defendant argues Virginia Code § 18.2-268.3(D) violates his right to be free from unreasonable search and seizure under Amendment IV of the United States Constitution and Section 8 of the Virginia Constitution. Specifically, Defendant argues that the exercise of

his right to refuse to consent to a warrantless search cannot be criminalized. Defendant argues it is one thing for a state to create an "implied consent" to give a breath sample by the operation of a motor vehicle on its highways and another thing for a state to do so when the penalty may include incarceration for up to six months. In the first instance, the state simply establishes conditions under which it can revoke a privilege it extended, and the Fourth Amendment is not implicated. In the latter, the argument goes, the Fourth Amendment is implicated because the very exercise of the right to refuse an unreasonable search and seizure is criminalized. In rebuttal, the Commonwealth, relying on Virginia Code § 18.2-268.2 argues consent for a breath test was given when Defendant began operating a motor vehicle on the public roadways in the Commonwealth and this consent constitutes an exception to the warrant requirement of the Fourth Amendment. In response, Defendant has cited a very recent decision from a lower court in Minnesota and a United States State Supreme Court case from 1967.

## II. *Rule of Law*

The Fourth Amendment of the United States Constitution protects, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The protections of Section Eight of the Virginia Constitution are co-extensive with those of the Fourth Amendment.

Virginia Code § 18.2-268.2(A) provides, "[a]ny person, whether licensed by Virginia or not, who operates a motor vehicle upon a highway, as defined in § 46.2-100, in the Commonwealth shall be deemed thereby, as a condition of such operation, to have consented to have samples of his blood, breath, or both blood and breath taken for a chemical test to determine the alcohol, drug, or both alcohol and drug content of his blood, if he is arrested for violation of § 18.2-266 . . . or of a similar ordinance within three hours of the alleged offense." Virginia Code § 18.2-268.2(B) provides further, "[a]ny person so arrested for a violation of clause (i) or (ii) of § 18.2-266 or both . . . or of a similar ordinance shall submit to a breath test."

Under Virginia Code § 18.2-268.3(A), "[i]t shall be unlawful for a person who is arrested for a violation of § 18.2-266 . . . or of a similar ordinance to unreasonably refuse to have samples of his blood or breath or both blood or breath taken for chemical tests to determine the alcohol or drug content of his blood as required by § 18.2-268.2 and any person who unreasonably refuses is guilty of a violation of this section." Virginia Code § 18.2-268.3(D) provides in pertinent part, "If a person is found to have violated this section and within 10 years prior to the date of the refusal he was found guilty of any of the following: . . . a violation

of § 18.2-266 . . . he is guilty of a Class 2 misdemeanor and the court shall suspend the defendant's privilege to drive for a period of three years." A Class 2 misdemeanor is punishable by either or both, confinement to jail for not more than six months and a fine of not more than $1,000. Virginia Code § 18.2-11.

Virginia case law establishes the constitutionality of Virginia Code § 18.2-268.3. See *Rowley v. Commonwealth*, 48 Va. App. 181, 187 (2006). In *Rowley*, the court found no Fourth Amendment violation in punishing a DUI suspect under this statute. *Id*. The court reasoned that consent makes a search "wholly valid" and all drivers on the Commonwealth's roadways have consented to submit to breath samples pursuant to Virginia Code § 18.2-268.2(A). *Id*. (internal citations omitted). The court further found consent is not "qualified or conditional" and the "act of driving constitutes an irrevocable, albeit implied, consent to the officer's demand for a breath sample." *Id*. (citing *Burnett v. Anchorage*, 806 F.2d 1447, 1450 (9th Cir. 1986)).

### III. *Analysis*

There are several well-established exceptions to the warrant requirement of the Fourth Amendment, including consent. See *Illinois v. Rodriguez*, 497 U.S. 177 (1990). The Virginia Court of Appeals has held that consent under the Implied Consent Law of Virginia Code § 18.2-268.2 is valid consent and, therefore, a search or seizure pursuant to the Implied Consent Law is not a Fourth Amendment violation. See *Rowley v. Commonwealth*, 48 Va. App. 181, 187 (2006). Furthermore, there is no condition on, or ability to revoke, this consent absent some reasonable justification. *Id*. Virginia case law is clear, the ability to establish a reasonable justification for refusal does not dilute the consent given under the Implied Consent Law. *Cash v. Commonwealth*, 251 Va. 46, 49-50 (1996). In upholding an identical law the Ninth Circuit found "no Fourth Amendment right to refuse a breathalyzer examination." *Burnett v. Anchorage*, 806 F.2d 1447, 1450 (9th Cir. 1986). This is the same principle accepted in Virginia case law. *Rowley*, 48 Va. App. at 187.

Defendant argues that a very recent decision out of a lower court in Minnesota dismissing a similar case should be persuasive to this Court. *See State v. Berg*, Court File No. 02-CR-13-4444, District Court for the Tenth Judicial District State of Minnesota County of Anoka (December 11, 2013). The Minnesota case is distinguishable in that Minnesota views the "implied consent" language in its own implied consent law under Minn. Stat. § 169(A)(51)(1)(a) (2008) as a "misnomer." *State v. Wiseman*, 816 N.W.2d 689, 694 (Minn. App. 2012). The holding in *Berg* was based on a failure of the prosecution to argue any recognized exception such as exigent circumstances supported by probable cause.

*See State v. Berg, supra.* In the instant case the Commonwealth relies on actual consent, albeit implied, pursuant to Virginia Code § 18.2-268.2.

Additionally, Defendant argues the holding in *Camara v. Municipal Court of City and County of San Francisco*, 387 U.S. 523 (1967), applies to his case. In *Camara*, the appellant was living in the rear of a housing complex which was scheduled for its annual inspection. *Id.* at 526. The landlord allowed the inspector in and notified the inspector that appellant was living in the rear. The inspector claimed the building's permit did not allow this area to be used as a residence and requested consent to enter and inspect. *Id.* Appellant denied this request on multiple occasions and was charged with refusing to allow a lawful inspection, a misdemeanor punishable by up to a $500.00, fine or up to six months imprisonment. *Id.* at 527. After being denied relief by every lower court, the Supreme Court granted certiorari. *Id.* at 525. The Supreme Court concluded the inspection was subject to the Fourth Amendment, applied through the Fourteenth, and thus a warrant must be obtained or an exception must be available. *Id.* at 534. In light of that finding, the Supreme Court further concluded appellant could not be charged with a crime for refusing to consent. *Id.* at 540. *Camara* is vastly different from the instant case. The court in *Camara* reached its conclusion by finding a warrant or an exception was required for the inspection and, because neither was acquired, appellant could not be charged with a crime. Here, there is a recognized exception to the warrant requirement pursuant to Virginia Code § 18.2-268.2(A). *See Rowley v. Commonwealth*, 48 Va. App. 181, 187 (2006); *Burnett v. Anchorage*, 806 F.2d 1447, 1450 (9th Cir. 1986). Because consent is applicable, there is no Fourth Amendment violation and thus it is lawful to charge Defendant with a crime under Virginia Code § 18.2-268.2(A)-(D).

For the reasons articulated in this letter opinion, Defendant's Motion to Suppress is denied.