COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Frank, Kelsey and Alston
Argued at Chesapeake, Virginia

KYLE WAYNE GRECO

                                                    MEMORANDUM OPINION*
v.    Record No. 2121-12-1                              PER CURIAM
                                                      APRIL 1, 2014
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          William R. O'Brien, Judge

            Jamison P. Rasberry, Assistant Public Defender (Office of
            the Public Defender, on brief), for appellant.

            Kathleen B. Martin, Senior Assistant Attorney General
            (Kenneth T. Cuccinelli, II, Attorney General, on brief), for
            appellee.


        The trial court convicted Kyle Wayne Greco of driving under the influence of alcohol, his

third offense within five years and thus a Class 6 felony under Code § 18.2-270(C)(1).  Greco

argues on appeal that the trial court erroneously relied upon his two prior DUI convictions as

predicate offenses.  We disagree and affirm.


                                            I.

        On two separate occasions in 2010, Greco pled guilty to charges of driving under the

influence of alcohol.  In both cases, the trial court accepted the guilty pleas and found him guilty.

The preprinted conviction and sentencing form order on the back of each arrest warrant

specifically noted Greco's guilty plea, the finding of "guilty as charged," the imposition of a jail

sentence, and the presence of his attorney.  App. at 106-09.  Greco was again arrested for a DUI

in 2011.  The prosecutor charged him under Code § 18.2-270(C)(1), a DUI recidivism statute

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

imposing enhanced punishment for drunk drivers convicted of three offenses within five or ten years.

At the trial of his third offense, Greco's counsel objected when the prosecutor asked the court to rely on Greco's prior two DUI convictions as predicates for his third-offense DUI charge. On the back of both arrest warrants, where the general district court makes a record of the proceedings, there are various form entries preceded by boxes to be checked. Greco's counsel pointed out that one of the boxes was unchecked. It read:

> [ ]  Plea voluntarily and intelligently entered after the defendant was apprised of his right against compulsory self-incrimination and his right to confront the witnesses against him.

All of the other relevant boxes were checked. The checked entries recorded Greco's presence at trial, along with his attorney, as well as Greco's guilty plea, the court's conviction and sentence, the terms of probation, and the license suspension.

Relying on Boykin v. Alabama, 395 U.S. 238 (1969), Greco's counsel argued that the unchecked box on both forms rendered each conviction "invalid on its face" under constitutional due process principles. As a result, neither of the two prior DUI convictions could serve as predicates for Greco's third-offense DUI charge. See App. at 11-13. The Commonwealth disagreed and argued that the trial court could properly rely on both prior convictions.[1] Rejecting Greco's argument, the trial court relied on the two prior DUI convictions as predicates for convicting Greco of his third DUI offense under Code § 18.2-270(C)(1).

---

[1] The Commonwealth brought to the trial court's attention our unpublished opinion in Isaac v. Commonwealth, No. 1635-09-2, 2010 Va. App. LEXIS 423, *8 (Nov. 2, 2010) (rejecting, as a matter of law, the contention that the "absence of a mark" on a conviction order confirming that the defendant "had knowingly and voluntarily waived his rights is credible evidence of a constitutional infirmity in the judgment"). Though the trial court was not bound by Isaac, the court was prudent to consider its reasoning for whatever persuasive value it brought to the issue. See Rule 5A:1(f).

II.

On appeal, Greco asserts that the trial court misapplied Boykin and erroneously relied upon his two prior DUI convictions as predicate offenses. Constitutional due process principles, Greco argues, render his prior DUI convictions invalid because the conviction orders do not affirmatively state that his guilty pleas were voluntarily and intelligently entered.[2] We disagree.

It is true that due process precludes a trial court from accepting an involuntary guilty plea. Boykin reinforced this point by holding that "a knowing and voluntary waiver of the right to trial cannot be inferred from a silent record." Gonzalez v. United States, 553 U.S. 242, 255 n.1 (2008) (Scalia, J., concurring) (citing Boykin, 395 U.S. at 244). Boykin, however, "involved *direct review* of a conviction allegedly based upon an uninformed guilty plea." Parke v. Raley, 506 U.S. 20, 29 (1992) (emphasis added). Boykin did not involve a defendant who had "never appealed his earlier convictions" but later sought to "revisit the question of their validity in a separate recidivism proceeding," id., as is the case here.

This is a procedural distinction with a constitutional difference. "To import Boykin's presumption of invalidity into this very different context would . . . improperly ignore another presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." Id. (citing Johnson

_____

[2] Greco relies upon the due process protections of the Fourteenth Amendment to the United States Constitution as well as the right to due process under Article 1, Section 11 of the Virginia Constitution. Under settled law, the "corresponding provisions of the Virginia Constitution go no further than their federal counterparts." Lilly v. Commonwealth, 50 Va. App. 173, 184, 647 S.E.2d 517, 522 (2007) (citing Rowley v. Commonwealth, 48 Va. App. 181, 187 n.2, 629 S.E.2d 188, 191 n.2 (2006)). Thus, federal due process principles "subsume any analysis of parallel provisions in the Virginia Constitution." Id. at 184, 647 S.E.2d at 523; see also Ingram v. Commonwealth, 62 Va. App. 14, 25 n.6, 741 S.E.2d 62, 68 n.6 (2013) ("Because the due process protections afforded under the Constitution of Virginia are co-extensive with those of the federal constitution, the same analysis will apply to both." (internal quotation marks omitted)); Sabo v. Commonwealth, 38 Va. App. 63, 77, 561 S.E.2d 761, 768 (2002) (holding that the Virginia Constitution grants "no greater due process rights" than those afforded by the United States Constitution).

v. Zerbst, 304 U.S. 458, 464, 468 (1938)). This principle applies to many forms of "collateral attack" including situations where, as here, a defendant seeks to deprive his former convictions "of their normal force and effect in a [recidivist] proceeding that had an independent purpose other than to overturn the prior judgments." Id. at 30.

We have applied this presumption of regularity on several occasions. We treat the presumption as rebuttable when the claim of invalidity alleges a denial of counsel. See, e.g., Samuels v. Commonwealth, 27 Va. App. 119, 123, 497 S.E.2d 873, 875 (1998); Harris v. Commonwealth, 26 Va. App. 794, 806, 497 S.E.2d 165, 171 (1998); Nicely v. Commonwealth, 25 Va. App. 579, 585, 490 S.E.2d 281, 283 (1997).

Outside the denial-of-counsel context, however, we have reached differing conclusions. In James v. Commonwealth, 18 Va. App. 746, 751, 446 S.E.2d 900, 903 (1994), we treated the presumption as rebuttable in a case involving an allegedly involuntary guilty plea. The defendant in James challenged a predicate conviction, claiming the warrant failed to indicate that his plea of guilty was knowingly and voluntarily given. "Appellant's only evidence for his collateral attack was the lack of an affirmative record" showing he voluntarily and knowingly pled guilty. Id. at 751, 446 S.E.2d at 903. As such, we found James failed to rebut the presumption of regularity. Id. at 752, 446 S.E.2d at 904. More recently, in Vester v. Commonwealth, 42 Va. App. 592, 593 S.E.2d 551 (2004), we held the presumption could not be rebutted as a matter of law when the collateral attack merely involves a claim of ineffective assistance of counsel. "[T]he right to collaterally attack a prior criminal conviction in a subsequent proceeding for enhancement purposes," Vester explained, "is limited to the actual denial of counsel." Id. at 597, 593 S.E.2d at 553 (citing Daniels v. United States, 532 U.S. 374, 378 (2001); Custis v. United States, 511 U.S. 485, 496 (1994); United States v. Simpson, 94 F.3d 1373, 1381 (10th Cir. 1996)).

For purposes of deciding this case, we need not determine whether the Boykin presumption is subject to rebuttal absent a denial-of-counsel claim. Greco produced no persuasive evidence sufficient to rebut the presumption of validity applicable to his two prior DUI convictions. His only argument was limited to the fact a blank on the form conviction order was unchecked.

Appellant was represented by counsel in both cases. No circumstances, other than his unsupported allegations, suggested that he was misled, misinformed, or in any way ill-prepared to make an intelligent guilty plea in either case. Having failed to make a *prima facie* showing sufficient to rebut the presumption, Greco cannot overcome the presumed validity of the two DUI convictions that served as predicates for his third-offense DUI conviction. For this reason, the trial court did not err in relying on these convictions to find Greco guilty of violating Code § 18.2-270(C)(1).[3]

Affirmed.

---

[3] We do not reach the concurring opinion's analysis of a conclusive presumption. We believe such an analysis is unnecessary, because we can resolve the issue on appellant's failure to rebut the presumption. As an appellate court, we seek "the best and narrowest ground available" for our decision. Armstead v. Commonwealth, 56 Va. App. 569, 576, 695 S.E.2d 561, 564 (2010).

Kelsey, J., concurring.

The United States Supreme Court has held that, in recidivist proceedings involving a collateral attack of a prior conviction, the presumption of regularity is "conclusive." Daniels v. United States, 532 U.S. 374, 382 (2001); see also United States v. Hickman, 626 F.3d 756, 773 (4th Cir. 2010) (recognizing that Daniels established a "conclusive presumption"); United States v. Martinez-Martinez, 295 F.3d 1041, 1044 (9th Cir. 2002) (recognizing that Daniels applied a "conclusive presumption"). Thus, absent a successful attack on the conviction on direct appeal, "the conviction becomes final and the defendant is not entitled to another bite at the apple simply because that conviction is later used to enhance another sentence." Daniels, 532 U.S. at 383.

Only one exception exists to this conclusive presumption: The rule that collateral attacks are "off-limits" does not apply to challenges to convictions "obtained in violation of the right to appointed counsel" under the Sixth Amendment. Johnson v. United States, 544 U.S. 295, 303 (2005). This exception, however, stands alone. No others have been recognized. See Daniels, 532 U.S. at 378 (noting it as the "sole exception"); Custis v. United States, 511 U.S. 485, 496 (1994) (refusing to "extend the right to attack collaterally prior convictions" beyond cases involving a denial of counsel, which the Court characterized as "a unique constitutional defect"); Hickman, 626 F.3d at 773 (recognizing denial of counsel as the exclusive exception to the "conclusive presumption" of Daniels); Vester v. Commonwealth, 42 Va. App. 592, 597, 593 S.E.2d 551, 553 (2004) (stating that "the right to collaterally attack a prior criminal conviction in a subsequent proceeding for enhancement purposes is limited to the *actual* denial of counsel"). Following Daniels, the conclusive nature of the presumption and the exclusive nature of the denial-of-counsel exception have become settled law.[4]

---

[4] See, e.g., State v. Johnson, 38 A.3d 1270, 1275 (Me. 2012) ("[T]he right to collaterally attack a conviction that will enhance a new charge or sentence should be, for solid constitutional and policy reasons, limited to a claim that the defendant was deprived of the fundamental Sixth

- 6 -

After Daniels, the issue has arisen only once in Virginia. In Vester, a defendant collaterally attacked a prior conviction claiming ineffective assistance of counsel. We observed that "effectiveness of counsel is a separate issue from the right to counsel," Vester, 42 Va. App. at 596, 593 S.E.2d at 552 (internal quotation marks omitted), and the "right to collaterally attack a prior criminal conviction in a subsequent proceeding for enhancement purposes is limited to the actual denial of counsel," id. at 597, 593 S.E.2d at 553 (citing Daniels, 532 U.S. at 378; Custis, 511 U.S. at 496; United States v. Simpson, 94 F.3d 1373, 1381 (10th Cir. 1996)). Because the defendant in Vester did not assert a denial-of-counsel claim, we treated the Boykin presumption as legally conclusive.[5]

With one exception, our pre-Daniels opinions are consistent with this approach. We applied a rebuttable presumption (though we never found the presumption in fact rebutted) in

Amendment right to counsel."); accord Camp v. State, 221 S.W.3d 365, 369 (Ark. 2006) (holding that only "the failure to appoint counsel at all" can be grounds for "a collateral attack of prior convictions used to enhance a sentence"); State v. Veikoso, 74 P.3d 575, 580 (Haw. 2003) (recognizing that collateral attacks can be asserted only in "situations where the prior convictions were obtained in violation of the right to counsel"); State v. Weber, 90 P.3d 314, 318-19 (Idaho 2004) (noting that the right to collaterally attack does "not extend beyond situations where the prior convictions were obtained in violation of the right to counsel" (internal quotation marks omitted)); State v. Delacruz, 899 P.2d 1042, 1048-49 (Kan. 1995) (refusing to extend "the right to collaterally attack prior convictions used for sentence enhancement beyond the right to have appointed counsel"); People v. Carpentier, 521 N.W.2d 195, 199 (Mich. 1994) (applying "the reasoning of Custis" which limited collateral attacks to right-to-counsel violations); State v. Hahn, 618 N.W.2d 528, 529-30 (Wis. 2000) (concluding that a collateral attack is valid only "when the offender alleges . . . a violation of the constitutional right to a lawyer").

[5] Like many courts, I use the expression "conclusive presumption" because it has become a widely used term in the vocabulary of the debate. I nonetheless agree with others that a conclusive presumption is better understood not as a presumption at all, which by its nature is vulnerable to rebuttal, but rather as a substantive rule of law, which is impervious to rebuttal. See generally 1 Barbara E. Bergman & Nancy Hollander, Wharton's Criminal Evidence § 3.2, at 127 (15th ed. 1997) ("A conclusive or irrebuttable presumption is not a presumption at all; it is, rather, a rule of substantive law."); 1 Charles E. Friend & Kent Sinclair, The Law of Evidence in Virginia § 4-1, at 213 (7th ed. 2012) ("This type of presumption is not really a presumption . . . it is rather a fixed rule of substantive law which dictates a particular result in a particular factual situation."); accord United States v. Chase, 18 F.3d 1166, 1172 n.7 (4th Cir. 1994).

several cases involving denial-of-counsel allegations. See, e.g., Samuels v. Commonwealth, 27 Va. App. 119, 123, 497 S.E.2d 873, 875 (1998).[6] However, one of our earliest opinions on the subject, James v. Commonwealth, 18 Va. App. 746, 751, 446 S.E.2d 900, 903 (1994), interpreted Boykin to apply a rebuttable presumption in cases in which the defendant alleged that his prior guilty plea was merely ill-advised. That may have been a reasonable interpretation of Boykin at the time, but it has since been soundly rejected by the United States Supreme Court in Daniels and by us in Vester.

In this case, Greco does not claim that either of his two prior DUI convictions violated his Sixth Amendment right to counsel. As a result, Greco's collateral attack on his prior convictions cannot survive the conclusive presumption that, for due process purposes, his constitutional rights were fully protected in the prior proceedings.[7] I thus agree with my colleagues that the trial court did not err by relying upon Greco's two prior DUI convictions as predicates for his third-offense DUI conviction in violation of Code § 18.2-270(C)(1).[8]

---

[6] See also Harris v. Commonwealth, 26 Va. App. 794, 806, 497 S.E.2d 165, 171 (1998) (recognizing that the appellant's ability to rebut the presumption of regularity was limited to providing evidence that his prior conviction was not obtained "in compliance with his right to counsel under the Sixth Amendment"); Nicely v. Commonwealth, 25 Va. App. 579, 585, 490 S.E.2d 281, 283 (1997) (referencing the ability to "rebut" the presumption of regularity, but implying that it was limited to circumstances "implicat[ing] the Sixth Amendment right to counsel").

[7] At oral argument on appeal, Greco's counsel suggested his claim is not truly in the nature of a "collateral attack" on his prior convictions. Oral Argument Audio at 3:38, 8:55. I disagree. See Daniels, 532 U.S. at 382-83 (treating challenges to prior convictions used as predicates for recidivism convictions as collateral attacks); Lewis v. United States, 445 U.S. 55, 58, 65 (1980) (characterizing a challenge to an uncounseled prior conviction used as a predicate for a subsequent conviction as "collateral"); see also Black's Law Dictionary 298 (9th ed. 2009) (defining a collateral attack as "[a]n attack on a judgment in a proceeding other than a direct appeal; esp., an attempt to undermine a judgment through a judicial proceeding in which . . . a defense in the proceeding[] is that the judgment is ineffective").

[8] I appreciate the majority's view that our decision should rely on the "best and narrowest ground available." See supra note 3. To be sure, for a host of reasons, I often find myself championing the idea. The best-and-narrowest principle, however, involves two very different

- 8 -

For these reasons, Greco's conviction should be affirmed.



thoughts.  The best answer to a legal question is the one in which the least number of knowledgeable jurists would disagree or, put another way, the one in which the greatest number would agree.  The narrowest answer to a legal question is the one affecting the least number of cases, preferably only the very one under consideration.  When a court assumes *arguendo* the truth of a proposition and then finds it inapplicable for some reason other than its intrinsic merit, the resulting decision usually qualifies as the narrowest ground because it typically affects only the case at hand.  But where, as here, the proposition being assumed *arguendo* has been soundly rejected by governing precedent, relying on the assumption for the sake of argument can breed confusion and, for that reason, disqualify the narrow ground from being considered the best ground for decision.  Reasonable jurists, of course, can disagree on such subtle distinctions, and thus, I withhold no due respect for the differing view of my colleagues in the majority.