COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Petty, O'Brien and Russell
Argued at Alexandria, Virginia


SEAN PATRICK WOLFE

OPINION BY
v.        Record No. 0058-16-4          JUDGE MARY GRACE O'BRIEN
DECEMBER 13, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Stephen E. Sincavage, Judge

J. Daniel Griffith (Westlake Legal Group, on brief), for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Sean Patrick Wolfe ("appellant") was convicted by a jury of driving while intoxicated, in

violation of Code § 18.2-266.  On appeal, he asserts that the trial court erred by failing to suppress

his blood test results and by admitting evidence of the arresting officer's attempts to obtain a breath

test prior to drawing appellant's blood.  Finding no error, we affirm.

BACKGROUND

We review the evidence in the light most favorable to the prevailing party, the

Commonwealth.  Whitehurst v. Commonwealth, 63 Va. App. 132, 133, 754 S.E.2d 910, 910

(2014).  So viewed, the evidence established that at approximately 2:45 a.m. on November 9, 2014,

Loudoun County Deputy Sheriff Timothy Iverson stopped appellant's vehicle for traveling sixty-six

miles per hour in a forty-five-mile-per-hour zone.  Appellant was alone in the vehicle.  Based on an

odor of alcohol emanating from the car, Deputy Iverson conducted several field sobriety tests that

appellant failed.  After a preliminary breath test indicated that appellant's blood alcohol content was

.182%, Deputy Iverson placed appellant under arrest for driving under the influence of alcohol and transported him to the Adult Detention Center.

Once there, Deputy Iverson attempted to administer a breath test to appellant. He advised appellant that during a twenty-minute observation period prior to the test, appellant was not permitted to belch, burp, vomit or regurgitate. Despite these instructions, appellant burped three times.

After the second time that appellant burped, Deputy Iverson informed him that if he burped again, the deputy would arrange for a blood test instead of restarting the observation period for a breath test. Appellant responded that he did not like needles and did not want a blood test. When appellant burped for the third time, Deputy Iverson took him to get a blood test without obtaining a search warrant for appellant's blood. Appellant did not verbally or physically refuse the blood test. The Virginia Department of Forensic Science analyzed the blood sample and determined that appellant's blood alcohol content was .196%.

ANALYSIS

A. Assignment of Error 1

Appellant asserts the following assignment of error:

> The trial court erred by failing to grant Appellant's Motion to Suppress the results of the blood test conducted on a sample of the Appellant's blood drawn on November 9, 2014 since the Appellant did not consent to the withdrawal of the sample from his body and the County did not obtain a search warrant prior to obtaining the sample.

On appeal of the denial of a motion to suppress, the defendant bears the burden of showing that the trial court committed reversible error. Whitehead v. Commonwealth, 278 Va. 300, 306-07, 683 S.E.2d 299, 301 (2009). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*). However, "we review *de novo* the trial court's

- 2 -

application of legal standards . . . to the particular facts of the case." McCracken v. Commonwealth, 39 Va. App. 254, 258, 572 S.E.2d 493, 495 (2002). To the extent that this Court interprets the language of a statute, "we rely on the familiar principles of statutory construction, and review [the] issue *de novo*." Hines v. Commonwealth, 59 Va. App. 567, 573, 721 S.E.2d 792, 795 (2012).

Appellant asserts that Deputy Iverson violated his Fourth Amendment rights when the deputy obtained appellant's blood without a search warrant. The Fourth Amendment provides:

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no [w]arrants shall issue, but upon probable cause, supported by [o]ath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The administration of a blood test constitutes a search, and is subject to the requirements of the Fourth Amendment. Missouri v. McNeely, 133 S. Ct. 1552, 1558 (2013); see also Schmerber v. California, 384 U.S. 757, 767-68 (1966). The issue, therefore, becomes whether blood drawn without a warrant in an investigation for driving under the influence is an unreasonable search. See Vernonia Sch. Dist. 47J v. Acton, 515 U.S. 646, 652-53 (1995).

"It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is '*per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions.'" Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (quoting Katz v. United States, 389 U.S. 347, 357 (1967)). "[O]ne of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." Id.

In the case before us, the Commonwealth contends that the results of the warrantless blood test were admissible because appellant consented to the test pursuant to Code § 18.2-268.2(A) ("the implied consent statute"). The statute provides:

A. Any person, whether licensed by Virginia or not, who operates a motor vehicle upon a highway . . . in the Commonwealth, shall be deemed thereby, as a condition of such operation, to have consented to have samples of his blood, breath, or both blood and breath taken for a chemical test to determine the alcohol, drug, or both alcohol and drug content of his blood, if he is arrested for violation of § 18.2-266.

B. Any person so arrested for a violation of clause (i) or (ii) of § 18.2-266 or both . . . shall submit to a breath test. If the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given.

Code § 18.2-268.2.

The constitutional validity of the implied consent statute is well established. In Deaner v. Commonwealth, 210 Va. 285, 288-89, 170 S.E.2d 199, 201 (1969) ("The criminal offense which gives rise to the procedure under the Implied Consent Law is driving under the influence of alcohol or drugs. The same motor vehicle operation may give rise to two separate and distinct proceedings – one a civil and administrative procedure and the other a criminal action."), the Supreme Court of Virginia held that a violation of the implied consent statute is a civil action, and is separate and apart from the criminal prosecution for driving under the influence of alcohol. See also Cash v. Commonwealth, 251 Va. 46, 49, 466 S.E.2d 736, 738 (1996) (holding that "[t]he consent to submit to a blood or breath test, granted when a person operates a motor vehicle upon the highways, 'is not a qualified consent and it is not a conditional consent, and therefore there can be no qualified refusal or conditional refusal to take the test'" (quoting Deaner, 210 Va. at 292, 170 S.E.2d at 204)).

In Rowley v. Commonwealth, 48 Va. App. 181, 629 S.E.2d 188 (2006), we reiterated the determination that the implied consent statute is civil in nature and does not implicate the Fourth Amendment. We held that this "[implied] consent is not 'qualified' or 'conditional.'" Id. at 187, 629 S.E.2d at 191 (quoting Cash, 251 Va. at 49, 466 S.E.2d at 738).[1]

---

[1] Appellant argues that his statement to Deputy Iverson that he did not like the idea of needles and therefore did not want a blood test constituted a revocation of his implied consent. He correctly recognizes that we have previously held that "[t]he act of driving constitutes an

- 4 -

Contrary to appellant's arguments, the Supreme Court's recent decision in <u>Birchfield v. North Dakota</u>, 136 S. Ct. 2160 (2015), has not implicated the constitutional validity of Virginia's implied consent statute as it relates to civil penalties for refusing a blood alcohol test.[2] In <u>Birchfield</u>, the Supreme Court addressed the issue of whether blood tests obtained without a warrant are permissible "based on the driver's legally implied consent to submit to them." <u>Id.</u> at 2185. The Court "referred approvingly to the general concept of implied consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply . . . and nothing [written in <u>Birchfield</u>] . . . should be read to cast doubt on them." <u>Id.</u> However, the Court drew a distinction between statutes that impose civil penalties and those that impose criminal penalties:

> [i]t is another matter, however, for a State not only to insist upon an intrusive blood test, but also to impose criminal penalties on the refusal to submit to such a test. There must be a limit to the consequences to which motorists may be deemed to have consented by virtue of a decision to drive on public roads.

irrevocable, albeit implied, consent to the officer's demand for a breath sample," <u>Rowley</u>, 48 Va. App. at 187, 629 S.E.2d at 191, but argues that this statement is no longer good law after the Supreme Court's decision in <u>Birchfield v. North Dakota</u>, 136 S. Ct. 2160 (2015). We need not address this argument because Wolfe's statements, taken in context, do not establish that he refused to consent to a blood test. See <u>Ervin v. Commonwealth</u>, 57 Va. App. 495, 503, 704 S.E.2d 135, 139 (2011) ("We must defer . . . to the factfinder's responsibility . . . '"to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."'" (quoting <u>Abdullah v. Commonwealth</u>, 53 Va. App. 750, 755, 675 S.E.2d 215, 218 (2009))). The statements were made as the deputy was advising appellant that he would have to take appellant for a blood test if appellant didn't stop burping. Further, Deputy Iverson testified that he did not need to physically coerce appellant into taking a blood test or verbally cajole him into cooperating with the test after appellant was unable to provide a breath sample. Finally, had Wolfe refused to permit a blood or breath test, the deputy would have been required to advise Wolfe of the provisions of the implied consent statute; there is no evidence that this ever occurred.

[2] Appellant also asserts that in <u>McNeely</u>, 133 S. Ct. 1552, the Supreme Court rejected the admission of warrantless blood test results in a prosecution for driving under the influence of alcohol. However, in <u>McNeely</u>, the Court merely ruled that "in drunk-driving investigations, the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant." <u>Id.</u> at 1568. The Court did not address the constitutionality of implied consent statutes; therefore, because the admissibility of the blood test results in the case before us is based on the consent exception, the Court's limited holding is not relevant to our analysis.

Id. The Court found that when a defendant faced a criminal penalty for refusing a warrantless blood draw, the search cannot be justified on the basis of implied consent. Id. at 2186.

Here, Code § 18.2-268.2 provides the basis for the Commonwealth's position that appellant implicitly consented to have his breath or blood tested after he was driving on a public highway. Significantly, appellant was not exposed to a criminal penalty if he refused the breath or blood test. Code § 18.2-268.3(D) provides that "[a] first violation of [the refusal statute] is a civil offense and subsequent violations are criminal offenses. For a first offense the court shall suspend the defendant's privilege to drive for a period of one year." There was no evidence that appellant was threatened with a criminal prosecution for a subsequent violation of Code § 18.2-268.3(D); therefore, the Supreme Court's restriction on warrantless blood draws under the implied consent exception in Birchfield does not apply.

"Courts are not permitted to interpret any statute, such as Virginia's implied consent statute, in a way that '"would render the statute strained, ambiguous, illogical, and in contravention of the legislature's clear intent."'" Patterson v. Commonwealth, 62 Va. App. 488, 498, 749 S.E.2d 538, 543 (2013) (quoting Saunders v. Commonwealth, 56 Va. App. 139, 145, 692 S.E.2d 252, 255 (2010)). In conducting a plain reading of Code § 18.2-268.2, it is clear that all of the requirements were met to establish appellant's implied consent to the blood draw. See also Rowley, 48 Va. App. at 184 n.1, 629 S.E.2d at 190 n.1 ("If a breath test is unavailable or the suspect is physically unable to perform the breath test, the suspect must submit to a blood test."). After determining that he had probable cause to arrest appellant for a violation of Code § 18.2-266, Deputy Iverson attempted to administer a breath test to appellant. Because appellant was unable to stop burping, despite the deputy's instructions, Deputy Iverson transported him to the hospital where his blood was drawn for testing. Therefore, we find that the court did not err in denying appellant's motion to suppress the

blood test results after finding that appellant's blood draw was lawful under the implied consent exception to the search warrant requirement.

B. Assignment of Error 2

Appellant contends that the trial court erred in allowing testimony about his failure to take the breath test. "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988); see also Farley v. Commonwealth, 20 Va. App. 495, 498, 458 S.E.2d 310, 311 (1995) (stating that "[t]he admission of evidence is left to the broad discretion of the trial judge").

Appellant argues that Code § 18.2-268.10 prohibits the Commonwealth from commenting on his failure to permit a breath or blood sample to be taken. Code § 18.2-268.2(B) states:

> [a]ny person so arrested for a violation of clause (i) or (ii) of § 18.2-266 . . . shall submit to a breath test. If the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given.

The Commonwealth is required to establish the unavailability of a breath test under the provisions of Code § 18.2-268.2(B) before it can compel a defendant to take a blood test. See Lemay v. Commonwealth, 29 Va. App. 461, 476, 513 S.E.2d 411, 418 (1999) (evidence of a defendant's physical inability to perform a breath test under Code § 18.2-268.2 was admissible during trial); Brown-Fitzgerald v. Commonwealth, 51 Va. App. 232, 656 S.E.2d 422 (2008).

Although Code § 18.2-268.10(B) provides that "[t]he failure of an accused to permit a blood or breath sample to be taken to determine the alcohol or drug content of his blood is not evidence and shall not be subject to comment by the Commonwealth at the trial of the case," this statute applies in a situation where a defendant has unreasonably refused to have his blood or breath taken. Evidence of an unreasonable refusal cannot be introduced to establish that a defendant was driving under the influence of alcohol. See, e.g., Calhoun v. Commonwealth, 35 Va. App. 506, 509, 546

S.E.2d 239, 241 (2001) (stating that "the refusal to take the [breath] test . . . has no probative value as to guilt or innocence").

In the present case, appellant did not refuse to take a breath test. The deputy determined that a breath test could not be successfully completed because of appellant's burping. Presenting the evidence of appellant's physical inability to submit to a breath test was a foundational requirement for a blood test to be performed pursuant to Code § 18.2-268.2. Therefore, evidence of appellant's inability to perform the breath test was appropriately before the jury to explain why a blood test was performed. We find that the court properly admitted the evidence for that purpose.

CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.

<u>Affirmed.</u>