COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Causey and Callins

JOSEPH RYAN SCHWALM

v.       Record No. 1121-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
JUNE 27, 2023

FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
Jeffrey W. Shaw, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Jason D. Reed, Assistant
Attorney General, on brief), for appellee.

Following a jury trial, the trial court convicted Joseph Ryan Schwalm of sodomy with a

child under the age of 13, sexually abusing a child under the age of 15 as their parent, and sexually

abusing a child under the age of 13. On appeal, Schwalm argues that the trial court erred by

admitting "certain hearsay statements" under Code § 19.2-268.2. He also asserts that the trial court

erred by denying his motion to strike. After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the decision of the trial court.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Meade v. Commonwealth*,

74 Va. App. 796, 802 (2022) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

"Accordingly, we regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence." *Id.* (quoting *Gerald*, 295 Va. at 473).

Schwalm and Lauren Middaugh married in 2014 and separated in 2016. Their daughter, S.S., was born in May 2014. After Schwalm and Middaugh separated, S.S. visited Schwalm at his residence every other weekend. During one of these visits, when S.S. was four or five years old, Schwalm forced his penis into S.S.'s mouth, holding her head down with his hand. At another visit, Schwalm showered with S.S., put her hands on his penis, and forced her to move her hands up and down. S.S. testified that another time, Schwalm put his penis in her vagina. She stated that the sexual abuse occurred "every time" she was there alone with Schwalm at his house. S.S. did not immediately report the abuse because Schwalm threatened to spank her if she did, and she was scared. Eventually, in 2020, S.S. reported the abuse to her mother.

During her testimony, Middaugh was asked what S.S. had told her, and Schwalm objected on hearsay grounds. He contended that S.S.'s statements were not recent complaints, and therefore, they were not admissible under Code § 19.2-268.2. After some discussion, the trial court concluded that the mother's testimony about S.S.'s statements was admissible under its prior ruling on Code § 19.2-268.3. Middaugh was then permitted to testify that S.S. had told her in March 2020 that Schwalm had sexually abused S.S. In May 2020, S.S. told Middaugh about the shower incident and that Schwalm had put his penis into her vagina. Middaugh further testified that around the time the abuse began, S.S., who had been "fully potty trained," began "bed-wetting every single night," and she had "emotional outbursts" and nightmares. On cross-examination, Middaugh acknowledged that she had filed a petition for sole custody of S.S. in February 2020, a month before she reported S.S.'s allegations of sexual abuse to the police.

- 2 -

Physician Assistant Cassandra Elverum examined S.S. in June 2020 and found no signs of physical trauma. Elverum noted, however, that it is possible for the hymen to remain intact even after vaginal penetration.

The jury found Schwalm guilty of sodomy with a child under the age of 13, sexually abusing a child under the age of 15 as their parent, and sexually abusing a child under the age of 13. Schwalm appeals.

ANALYSIS

I.

Schwalm contends that the trial court abused its discretion by allowing Middaugh's testimony about S.S.'s report of the sexual abuse, arguing that the statement was inadmissible hearsay. We disagree.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." *Wolfe v. Commonwealth*, 67 Va. App. 97, 106 (2016) (quoting *Blain v. Commonwealth*, 7 Va. App. 10, 16 (1988)). "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Va. R. Evid. 2:801(c). "Hearsay evidence is inadmissible at trial unless it falls into one of the recognized exceptions to the rule." *Clay v. Commonwealth*, 33 Va. App. 96, 104 (2000) (en banc), *aff'd*, 262 Va. 253 (2001).

On appeal, Schwalm argues that because S.S. did not report the abuse until approximately two years after the last incident of sexual abuse, the complaint was not "recent" under Code

§ 19.2-268.2.[1]  Therefore, he argues that the statements did not fall within an exception to the rule against hearsay, and the trial court impermissibly admitted Middaugh's testimony.  The trial court, however, admitted S.S.'s statements to Middaugh under Code § 19.2-268.3, which makes admissible certain hearsay statements of child victims of specified crimes, including those involved here.  Specifically, Code § 19.2-268.3(B) provides that an "out-of-court statement made by a child who is under 13 years of age at the time of trial or hearing who is the alleged victim of an offense against children . . . shall not be excluded as hearsay under Rule 2:802 of the Rules of Supreme Court of Virginia if" the (1) "court finds, in a hearing conducted prior to a trial, that the time, content, and totality of circumstances surrounding the statement provide sufficient indicia of reliability so as to render it inherently trustworthy," and (2) the child testifies.  The statute also lists several factors for the trial court to consider in determining if the statement is trustworthy.  *See* Code § 19.2-268.3.

Schwalm does not challenge the admission of the testimony under Code § 19.2-268.3 and argues only that the complaint was not "recent" under Code § 19.2-268.2.  Because the trial court admitted the evidence under Code § 19.2-268.3, not Code § 19.2-268.2, we need not address Schwalm's claim on appeal.  Accordingly, we find no abuse of discretion with the trial court's admission of Middaugh's testimony.

---

[1] Code § 19.2-268.2 provides, in pertinent part:

> Notwithstanding any other provision of law, in any prosecution for criminal sexual assault . . . , the fact that the person injured made complaint of the offense recently after commission of the offense is admissible, not as independent evidence of the offense, but for the purpose of corroborating the testimony of the complaining witness.

II.

Schwalm contends that the evidence was insufficient to support his convictions. He contends that there was a complete lack of physical evidence to corroborate S.S.'s claims and S.S. waited an "unreasonable time after the incident" to report the offense, which casts doubt on the truthfulness of the story. Schwalm concedes that he failed to preserve this issue before the trial court, but he asks that we address the merits of his credibility challenge under the ends of justice exception to Rule 5A:18.

Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Here, Schwalm did not renew his motion to strike the evidence nor move to set aside the verdict. *See Rompalo v. Commonwealth*, 72 Va. App. 147, 154 (2020) ("After presenting his or her own evidence, a defendant must renew the motion to strike or file a motion to set aside the verdict."), *aff'd*, 299 Va. 683 (2021). He concedes that the issue was not preserved. Thus, we must consider whether the ends of justice exception should apply.

"'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220-21 (1997)).

> In order to show that a miscarriage of justice has occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.

*Id.* at 210 (quoting *Redman*, at 221-22). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Id.* (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)).

As is the case here, "when an appellant raises a sufficiency of the evidence argument for the first time on appeal, the standard is higher than whether the evidence was insufficient." *Brittle*, 54 Va. App. at 514. "[A]n appellant must do more than show that the Commonwealth *failed* to prove an element or elements of the offense." *Redman*, 25 Va. App. at 221. "In order to avail oneself of the exception, [the appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Id.* "Therefore, 'in examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense.'" *Holt*, 66 Va. App. at 210 (quoting *Flanagan v. Commonwealth*, 58 Va. App. 681, 695 (2011)). There is a "distinction between lack of proof of an element and affirmative proof that the element did not occur." *Phan Le v. Commonwealth*, 65 Va. App. 66, 75 (2015). "[L]ack of proof is not affirmative evidence to the contrary, which would warrant exercising the 'ends of justice' exception to Rule 5A:18." *Id.* at 75-76. "Where the record does not affirmatively establish error, we cannot invoke the ends of justice exception to Rule 5A:18." *Smith v. Commonwealth*, 59 Va. App. 710, 724 (2012).

Settled law holds that "a conviction for rape and other sexual offenses may be sustained solely upon the uncorroborated testimony of the victim." *Wilson v. Commonwealth*, 46 Va. App. 73, 87 (2005). "As we have noted, '[b]ecause sexual offenses are typically clandestine in nature, seldom involving witnesses to the offense except the perpetrator and the victim, a requirement of corroboration would result in most sex offenses going unpunished.'" *Id.* at 88 (alteration in original) (quoting *Garland v. Commonwealth*, 8 Va. App. 189, 192 (1989)).

The "conclusions of the fact finder on issues of witness credibility 'may only be disturbed on appeal if this Court finds that [the witness's] testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief."'" *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011) (quoting *Robertson v. Commonwealth*, 12 Va. App. 854, 858 (1991)). "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Lambert v. Commonwealth*, 70 Va. App. 740, 759 (2019) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)). "Where credibility issues are resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong." *Smith v. Commonwealth*, 56 Va. App. 711, 718 (2010).

Here, the jury believed S.S.'s testimony and rejected Schwalm's denials that he sexually abused his daughter. S.S.'s testimony was corroborated, in part, by her reports of the incident. Nevertheless, her testimony alone supports the jury's conclusion that Schwalm committed the offenses. There is nothing in the record to suggest that S.S.'s testimony is inherently incredible. Nor is there anything in the record that demonstrates that any element of the offenses did not occur or that Schwalm was convicted for conduct that was not a criminal offense. Thus, the ends of justice exception does not apply and Rule 5A:18 prevents our review of the merits of this assignment of error.

## CONCLUSION

Because the trial court admitted the hearsay statements under Code § 19.2-268.3, not Code § 19.2-268.2 as argued by Schwalm, we do not reach that issue. Furthermore, we do not address the

merits of his challenge to the sufficiency of the evidence because he did not demonstrate that the

ends of justice exception to Rule 5A:18 applies. Accordingly, we affirm the trial court's judgment.

*Affirmed*.